MARIE THOMPSON CARTER v. JOSEPH CHARLES BRADFORD.

(Filed 15 June 1962.)

**1. Automobiles § 47—**

Evidence tending to show that defendant was assisting his 64 year old guest-passenger to enter his automobile, during daylight, that he opened the door, holding her arm, that she placed her right hand on the gooseneck casement, or cowl, which enclosed the curved windshield, and that as she was in the act of seating herself defendant closed the door, crushing plaintiff's hand between the protruding windshield casement and the steel portion of the door, causing serious injury, *is held* sufficient to be submitted to the jury on the question of defendant's negligence.

**2. Evidence § 38—**

Plaintiff, a bookkeeper and stenographer, had her hand seriously crushed in the door of an automobile. *Held:* It was competent for plaintiff to testify that at the time of testifying she had lost 90 per cent of the use of her right hand, since a lay witness may express an opinion about his present state of health, ability to do work, etc.

APPEAL by defendant from *Clark, J.,* September 1961 Civil Term, ROBESON Superior Court.

The plaintiff instituted this civil action to recover damages for personal injuries allegedly caused by the actionable negligence of the defendant. The complaint alleged in substance: The plaintiff accepted the invitation of the defendant to accompany him in his Oldsmobile to the home of friends in a different section of the town of Lumberton. The defendant escorted the plaintiff to the street in front of her residence where his 1957 Model, two-door Oldsmobile was parked. He

opened the right door of the vehicle, assisted the plaintiff to enter, holding her arm as she did so, and as she was in the act of taking her seat, holding her purse in her left hand, she placed her right hand on the gooseneck casement, or cowl, which enclosed the curved windshield. This gooseneck cowl was only about 18 inches from the floor. "That because . . . of the protruding . . . gooseneck formation . . . the windshield and the low hinging area of the front door and the relationship of the seat thereto, . . . it was necessary that plaintiff support herself by grasping the protruding area of the gooseneck . . . with her right hand; that as she was so doing and in the act of becoming seated . . . the defendant . . . carelessly, negligently, . . . and without warning, slammed the right door . . . with such speed and force that plaintiff's right hand was caught between the hard steel formation of the protruding windshield casement . . . and the hard steel of that portion of the right front door that fits tightly against the same, causing plaintiff's right hand to be seriously crushed . . . and the four fingers so mangled . . . that natural healing processes were ineffective; . . . That plaintiff is a trained bookkeeper and stenographer, . . . and that her ability to perform either of these business occupations has been totally and completely lost for the remainder of her natural life."

The defendant, by answer, denied negligence and by way of further defense alleged the plaintiff was negligent in placing her hand in the door jamb and that her negligence was the sole, or one of the contributing causes of her injury.

The plaintiff testified:

"When I got to the automobile and he opened the door, I put my hand on this cowl in order to get in the car. At that time, he was holding my right elbow, helping me in. As he was holding my right elbow and I had my right hand on the cowl, my other hand and my pocketbook was over here on the left and I was in the act of sitting down. When I was in the act of sitting down, Mr. Bradford closed the door on my hand. The door closed entirely, hard.

"As he closed the door, he took his hand from my elbow and closed the door on my hand. As he took his hand from my elbow, his face was about that far from my hand on the windshield cowl (demonstrating). There was no obstruction between his face and eyes and my hand. . . ."

The plaintiff further testified as to pain, suffering, medical and surgical expenses. She offered medical evidence of her injuries. On direct examination her counsel asked this question: "What percentage of loss of use do you have of your right hand from the period im-

mediately before the injury and the period right now?" She answered: "Ninety per cent, at least."

The defendant testified Mrs. Carter was seated before he closed the door lightly and that he did not see her hand or have any knowledge or notice that it was exposed; that the door and ventilating window prevented him from seeing the position of her hand.

The court submitted and the jury answered the following issues as indicated:

"1. Was the plaintiff injured and damaged by the negligence of the defendant, as alleged in the Complaint?

"Answer: Yes.

"2. If so, did the plaintiff, by her own negligence, contribute to her injury and damage, as alleged in the Answer?

"Answer: No.

"3. What damage, if any, is plaintiff entitled to recover of the defendant?

"Answer: $11,000.00."

From the judgment on the verdict, the defendant appealed, assigning as error the failure of the court (1) to allow the motions for involuntary nonsuit, (2) to exclude plaintiff's evidence as to 90 per cent loss of use of her hand, (3) to comply with G.S. 1-180.

*William E. Timberlake, Nance, Barrington, Collier & Singleton, By James R. Nance for plaintiff appellee.*

*Johnson, Biggs & Britt By I. M. Biggs for defendant appellant.*

HIGGINS, J. The trial court properly denied the motions for nonsuit. The evidence permitted an inference of defendant's negligence in closing the door to the vehicle while the plaintiff "was in the act of sitting down." At the time, her hand was on the cowl against which the heavy steel door fitted snugly. At the time of the injury, the afternoon of August 24, 1958, the plaintiff was 64 years old. Ordinary care under the circumstances would seem to require the defendant to ascertain the door could be closed in safety before closing it. This he did not do.

The defendant relies heavily on *Patterson v. Moffitt*, 236 N.C. 405, 72 S.E. 2d 863. The cases are readily distinguishable. In *Moffitt* the plaintiff was riding in the rear seat. It was dark. The defendant, driver, closed the left front door which caught the plaintiff's fingers as he was getting out by the left rear door. Here, it was daylight. The defendant closed the door by which the plaintiff had entered and at the time she was "leaning over" in the act of taking her seat.

The plaintiff had been a typist and bookkeeper for 35 years. She testified: "I have had to do everything with my left hand . . . I can make very little use of my right hand at this time. . . . Prior to this time I was doing all my housework and everything with my right hand." The testimony to which objection was made involved her statement that from the date of her injury to the date of her testimony she had lost 90 per cent of the use of her right hand. The defendant insists this evidence involves the expression of opinion which plaintiff is not qualified to give and that the objection should have been sustained on that ground. However, a lay witness may express opinion about his present state of health, ability to do work, etc. Stansbury on Evidence, § 129; *Lee v. Ins. Co.*, 188 N.C. 538, 125 S.E. 186. "The ability of a party to perform physical or mental labor is not a question of such exclusively technical significance as to permit expert testimony to be given conclusive effect." *Bulluck v. Ins. Co.*, 200 N.C. 642, 158 S.E. 185.

The plaintiff, a typist and bookkeeper, was in a better position than any other person to know what she had done with her right hand prior to the injury and what she was able to do with it afterwards. The testimony does not attempt to project the disability or to anticipate its future effect. She was merely testifying as to how the injury had handicapped her to the date of the testimony. Its admission was not error.

The evidence presented issues for the jury. These were answered in favor of the plaintiff upon competent testimony and after a charge that is free from valid objection.

No error.