JUDY BRADLEY v. VERNON R. BRADLEY, JR.

No. 8528DC581

(Filed 3 December 1985)

**1. Divorce and Alimony § 30— equitable distribution—mutual division of proper-ty—plaintiff's income consisting of public assistance and child support**

    The trial court in an action for equitable distribution did not err by find-ing that there was a disparity in the parties' incomes and concluding that an equal division of marital property would not be equitable where the husband's income was between five and six thousand dollars and the wife had an annual income of $5,940 consisting of Aid to Families with Dependent Children, food stamps, and child support paid by the husband. Dictionary definitions of in-come refer to earned income and income derived from investments; 7 U.S.C. Sec. 2017(b) provides that the food stamp allotment shall not be considered in-come; and the amounts received by the wife in the form of child support are for the benefit and support of the parties' children and are not income within the meaning of N.C.G.S. 50-20(c)(1), N.C.G.S. 50-20(f).

**2. Evidence § 44; Divorce and Alimony § 30— lay witness—testimony as to state of health—sufficient to support findings**

    The trial court's findings in an action for equitable distribution regarding plaintiff's health, capacity to work, and loss of weight were supported by plain-tiff's testimony even though no expert medical testimony was presented. A lay witness may testify as to the present state of her health and her ability to do work.

APPEAL by defendant from *Roda, Judge.* Judgment entered 17 January 1985 in District Court, BUNCOMBE County. Heard in the Court of Appeals 20 November 1985.

    This is an appeal by defendant from a judgment granting the parties an absolute divorce and dividing their marital property. The court found as follows in pertinent part: The parties own a house and lot and various items of landscaping equipment. Such property is marital property. Defendant is, and was throughout the marriage, gainfully employed in the landscaping business and is able to earn an income sufficient to support himself and to pay the child support ordered. Plaintiff engaged herself during the marriage in sewing, designing, and caring for the parties' five children but is no longer so employed and is totally incapacitated to work because of her physical condition which includes multiple sclerosis and rheumatoid arthritis. Because of her illness, plaintiff lost over 150 pounds in the last six months.

The court concluded that because of the disparity in the parties' incomes, an equal division of the marital property would not be equitable and ordered an unequal division of the property.

*John E. Shackelford for plaintiff, appellee.*

*George W. Moore for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first contends the trial court erred in concluding that an equal division of the marital property would not be equitable based on the disparity in the parties' incomes. He argues that the evidence shows that his income for 1984 was between five and six thousand dollars; that plaintiff has an annual income of $5,940.00 consisting of $145.00 per month as Aid to Families with Dependent Children ("AFDC"), $149.00 per month in food stamps, and $134.00 per month as child support paid by him; and that therefore the evidence does not support the court's finding that there is a disparity in the parties' incomes. Defendant further contends that plaintiff did not meet her burden of showing that an equal division would not be equitable and that therefore the judgment entered must be reversed. We find defendant's argument unpersuasive.

An equal division of marital property is mandatory unless the court determines from evidence presented on one or more of the factors enumerated in G.S. 50-20(c) that an equal division would not be equitable. *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985); G.S. 50-20(c). When evidence concerning one or more of the factors in the statute and tending to show that an equal division of the marital property would not be equitable is admitted, the court must balance that evidence with the other evidence presented, keeping in mind the legislative policy strongly favoring an equal division, and determine what constitutes an equitable division in that particular case. *Id.* The balance struck by the court in weighing such evidence will not be disturbed absent a clear showing of abuse of discretion. *Id.*

One of the factors the trial court is to consider in determining an equitable division of marital property is "[t]he income, property, and liabilities of each party at the time the division of property is to become effective." G.S. 50-20(c)(1). Thus, it was ap-

propriate for the court here to consider the income, or lack there-
of, of each party in determining an equitable distribution. It is ap-
parent from the judgment entered that the court did not consider
the amounts received by plaintiff as child support, AFDC, and
food stamps to be income within the meaning of G.S. 50-20(c)(1).
We must therefore determine whether this was error requiring
that the judgment be vacated.

We presume since there is no indication to the contrary that
the legislature used the word "income" in G.S. 50-20(c)(1) to con-
vey its natural and ordinary meaning. *See Duke Power Co. v.
Clayton, Comr. of Revenue,* 274 N.C. 505, 164 S.E. 2d 289 (1968);
*Yacht Co. v. High, Commissioner of Revenue,* 265 N.C. 653, 144
S.E. 2d 821 (1965). In determining what that meaning is, it is ap-
propriate for us to resort to dictionaries for assistance. *See Black
v. Littlejohn,* 312 N.C. 626, 325 S.E. 2d 469 (1985). *Black's Law
Dictionary* 687 (rev. 5th ed. 1979) defines "income" as "[t]he
return in money from one's business, labor, or capital invested;
gains, profits, salary, wages, etc." "Income" has also been defined
as "a gain or recurrent benefit [usually] measured in money that
derives from capital or labor." *Webster's New Collegiate Dic-
tionary* 424 (1969).

These definitions generally refer to earned income, *see
Black's Law Dictionary* at 687 (earned income), and income de-
rived from investments. It is not clear whether amounts received
as public assistance, such as food stamps and AFDC payments, or
as child support should be considered income under these defini-
tions. We are inclined to think that they should not be so con-
sidered since they are not derived from capital or labor and are
not taxable as income as are earned income and income derived
from investments. *See* 26 U.S.C. Sec. 71(c) (Supp. 1985) (child sup-
port); 7 U.S.C. Sec. 2017(b) (1985) (food stamps); G.S. 105-141(b)(7)
(1979) (AFDC). *See generally* 26 U.S.C. Sec. 61 (1984) and G.S.
105-141 (definitions of gross income).

7 U.S.C. Sec. 2017(b) in fact provides that "[t]he value of the
[food stamp] allotment provided any eligible household shall not
be considered income or resources for any purpose under any
Federal, State, or local laws. . . ." This provision, as an act of
Congress pursuant to the Constitution of the United States, is the
supreme law of the land and is controlling upon this State. *See*

*Bouligny, Inc. v. Steelworkers,* 270 N.C. 160, 154 S.E. 2d 344 (1967). Based on 7 U.S.C. Sec. 2017(b), we conclude that the value of food stamps received by a party may not be considered as income under G.S. 50-20(c)(1). Thus, the court here acted correctly with respect to the food stamps received by plaintiff.

With respect to the amounts received by plaintiff as AFDC and child support, we note that G.S. 50-20(f) states in pertinent part that "[t]he court shall provide for an equitable distribution without regard to alimony for either party or support of the children of both parties." This provision indicates that amounts paid or received by a party as support for the children of the parties are not to be considered in determining an equitable distribution. It would be inconsistent with G.S. 50-20(f) to allow amounts received by a party for the benefit and support of the parties' children, whether in the form of child support from the other party or public assistance such as AFDC payments, to be considered as income under G.S. 50-20(c)(1).

It is an accepted principle of statutory construction that parts of the same statute dealing with the same subject are to be considered and interpreted as a whole and every part of the law is to be given effect if this can be done by any fair and reasonable intendment. *Fishing Pier v. Town of Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363 (1968); *In re Hickerson,* 235 N.C. 716, 71 S.E. 2d 129 (1952). G.S. 50-20(c)(1) and G.S. 50-20(f) interpreted together demonstrate the legislature's intent that amounts received by a party for the benefit and support of the parties' children should not be considered as income under G.S. 50-20(c)(1). This interpretation does not prevent either G.S. 50-20(c)(1) or G.S. 50-20(f) from having effect and is certainly a fair and reasonable interpretation of those statutory provisions. Since the amounts received by plaintiff in the form of child support and AFDC are for the benefit and support of the parties' children, we conclude that they are not income within the meaning of G.S. 50-20(c)(1).

The evidence shows that at the time the division of property was to become effective plaintiff had no earnings and was receiving no monies other than those in the form of child support, food stamps, and AFDC, whereas defendant had earnings of *at least* five to six thousand dollars a year. This evidence supports the court's finding that there is a disparity in the parties' incomes

within the meaning of G.S. 50-20(c)(1) and tends to show that an equal division of the marital property would not be equitable. We are unable to say that the trial court abused its discretion in concluding that an equal division of the marital property would not be equitable based on the disparity in the parties' incomes or in ordering an unequal division in favor of plaintiff particularly in light of plaintiff's poor health. We therefore find no error in the division ordered.

[2] Defendant next argues that the evidence is insufficient to support the court's findings regarding plaintiff's health, incapacity to work, and loss of weight because no medical expert testimony was presented. The findings in question are fully supported by plaintiff's testimony. It is well-established that a lay witness may testify as to the present state of his health and his ability to do work. *See Carter v. Bradford,* 257 N.C. 481, 126 S.E. 2d 158 (1962); 1 H. Brandis, *Brandis on North Carolina Evidence* Sec. 129 (rev. 2d ed. 1982). Thus, plaintiff's testimony is sufficient to support the findings made.

Lastly, defendant argues that the court's finding that the parties' own landscaping equipment worth $5,000.00 which is marital property is not supported by the evidence. The finding in question was not excepted to or made the basis of an assignment of error in accordance with Rule 10 of the Rules of Appellate Procedure. Therefore, the question of the sufficiency of the evidence to support it is not presented for our review. *See* Rule 10(a) of the Rules of Appellate Procedure.

Affirmed.

Judges EAGLES and MARTIN concur.