WARD DAVID BEIGHTOL v. KATHRYN LEE BEIGHTOL

No. 8712DC645

(Filed 3 May 1988)

1. **Divorce and Alimony § 30— equitable distribution—findings as to marital interest in separately titled property**

   The trial court did not err in finding that defendant had a marital interest in plaintiff's separately titled property where marital funds were used to make mortgage payments and pay for other improvements, defendant made the monthly mortgage and utility payments as the financial manager for the couple, and defendant thoroughly cleaned the condominium every other year and, on occasion, painted and made other improvements; moreover, there was no merit to plaintiff's contention that defendant was not entitled to have the appreciation in the property's value classified as marital property merely because her contributions consisted of those functions which a homemaker performs and they were therefore valueless.

2. **Divorce and Alimony § 30— equitable distribution—valuation of family auto and debts proper**

   In a proceeding for equitable distribution of marital assets, the trial court did not err in its valuation of the family automobile and debts incurred immediately after the parties' separation for the purpose of purchasing necessities for defendant and the children.

**3. Divorce and Alimony § 30— equitable distribution—unequal division of property proper**

> The trial court did not commit reversible error in making an unequal divi
> sion of the marital property where the court listed six of the twelve factors
> stated in N.C.G.S. § 50-20(c) as considerations which it used to support its find
> ing that an unequal division of the marital property was equitable.

APPEAL by plaintiff from *Keever, A. Elizabeth, Judge*. Order
entered 23 February 1987 in District Court, CUMBERLAND County.
Heard in the Court of Appeals 10 December 1987.

*Reid, Lewis & Deese, by Renny W. Deese, for plaintiff-appellant.*

*Harris, Sweeny & Mitchell, by Ronnie M. Mitchell, for defendant-appellee.*

JOHNSON, Judge.

Plaintiff-appellant, Ward David Beightol, and defendant-appellee, Kathryn Lee Beightol, were married on 28 December 1976,
separated on 1 July 1985, and were divorced on 30 September
1986. Two children were born of this union.

In his action for absolute divorce based upon one year's separation, plaintiff requested equitable distribution of the parties'
real and personal property. The equitable distribution claim was
severed from the divorce hearing at plaintiff's request. On 5 February 1987, the equitable distribution claim came on for hearing,
and the order from which plaintiff now appeals was entered on 23
February 1987.

The substance of this appeal concerns the finding that defendant had a marital interest in plaintiff's separately-titled property, the valuation attached to the parties' marital property, and
the unequal division of the parties' marital property.

[1] Plaintiff first contends that the trial court erred in finding
that defendant had a marital interest in plaintiff's separately-
titled property, because such a finding was not supported by
competent evidence. We cannot agree. The two separately-titled
properties to which plaintiff refers are a Florida condominium
and unimproved Texas ranch land which shall be discussed in
turn.

The distribution of marital property is vested in the discretion of the trial courts and the exercise of that discretion will not be upset absent clear abuse. *White v. White*, 312 N.C. 770, 324 S.E. 2d 829 (1985). In order to reverse the trial court's decision for abuse of discretion, we must find that the decision was unsupported by reason and could not have been the result of a competent inquiry. *Id.* at 777, 324 S.E. 2d at 833. Accordingly, the findings of fact are conclusive if they are supported by any competent evidence from the record. *Alexander v. Alexander*, 68 N.C. App. 548, 315 S.E. 2d 772 (1984).

Applying these principles to the case *sub judice*, we find that evidence was adduced at the hearing to the effect that in 1972, approximately four years prior to the marriage, plaintiff purchased a condominium at New Smyrna Beach, Florida, for $28,000.00. The condominium was used as rental property and had a fair market value of $70,000.00 and an outstanding mortgage of $14,000.00 at the time when the couple separated.

Further evidence was introduced in the form of testimony by defendant, who testified that she handled all communications with the manager of the condominium complex, made the monthly mortgage payments on the unit, as well as the monthly utility bills, and helped to maintain the unit by conducting a thorough "spring cleaning" on it at least once every two years. Defendant further stated that on at least one occasion, she put up mirror tiles, painted a part of the interior, and dyed the carpeting. She also testified that furnishings and appliances which were placed into the unit as they were needed, were purchased with marital funds, and that the monthly utility bills and mortgage payments noted above, were also paid with marital funds.

Similarly, plaintiff has conceded in his brief that defendant's "personal efforts" with respect to the condominium including writing checks for the mortgage payments, as she was the financial manager for the couple, providing redecoration ideas and advice, cleaning the condominium, and on one occasion, painting a part of the interior and visiting the property once every two years. He refers to her investment as a "de minimus" homemaker contribution which a "dutiful spouse would have done anyway."

We agree with the trial court's ruling that defendant's contributions were much more substantial than plaintiff suggests,

and find no rule of law which even intimates that a non-titled spouse should be penalized and not allowed a return on his or her investment because the efforts expended were characteristic of those which a caring and loving spouse would have performed in any event.

Our Courts have consistently recognized the interest acquired by a non-titled spouse in separately-owned property which increases in value due to the personal efforts of the non-titled spouse. *See, e.g., Wade v. Wade,* 72 N.C. App. 372, 325 S.E. 2d 260 (1985) (which states that the phrase of G.S. 50-20(b)(2) that "[t]he increase in value of separate property shall be considered separate property" applies only to increased values attributable to external economic influences such as inflation, namely, passive appreciation).

Plaintiff, by this appeal, does not contest these rules but instead contends that defendant is not entitled to have the appreciation in the properties' values classified as marital property merely because her contributions consisted of those functions which a homemaker performs and are therefore valueless. We see no difference between the contributions made by the defendant in the case *sub judice,* and those made by the non-titled spouse in *Lawrence v. Lawrence,* 75 N.C. App. 592, 331 S.E. 2d 186, *disc. rev. denied,* 314 N.C. 541, 335 S.E. 2d 18 (1985), where plaintiff, husband, expended physical labor in making various repairs, alterations and additions to the separately-owned property and thus enhanced its value. The Court stated that "[i]t is clear the marital estate invested substantial labor and funds in improving the real property, therefore the marital estate is entitled to a proportionate return of its investment." *Id.* at 595, 331 S.E. 2d at 188. Quite similarly in *Lawing v. Lawing,* 81 N.C. App. 159, 176, 344 S.E. 2d 100, 112 (1986), this Court again recognized the marital characteristic of appreciation which results from "funds, talent or labor that [are] contributed by the marital community, . . . ."

In reaching its decision, that the condominium's increase in value attributable to the marital estate, or active appreciation, was $20,000, the trial court considered the following factors:

(a) The overall increase in value during the fifteen years of ownership.

(b) The increase in value during the nine years of marriage.

(c) The mortgage and other payments made with marital funds.

(d) The improvements made to the marital property with marital funds.

(e) The efforts of both parties in the improvement of the property.

(f) The nature of the increase, whether active or passive.

We find no abuse of discretion by the trial court, and hold that the evidence of record supports both the finding that defendant had a marital interest in the separately-titled property, as well as the valuation accorded the interest.

The court applied essentially the same factors as those noted above in evaluating the interest which defendant acquired in the separately-titled Texas ranch land, and included as a factor, the profit realized as stated on the 1985 tax return. The court found as a fact the following:

> [t]hat in January of 1976, and prior to the marriage, Plaintiff, with his brother and father, purchased unimproved ranch land near Thorndale, Texas, his one-third share of the purchase price being $22,000.00 with the Plaintiff making a down payment of $10,000.00; that during the marriage the Plaintiff used marital funds to pay his share of the mortgage payments of $750.00 each year; that Plaintiff, along with his brother and father, sold the property in 1985 after the parties had separated, and earned a tax profit of $6,247.00; that during the marriage the parties paid $6,750.00 toward the mortgage; that Defendant primarily took care of the financial aspects of paying the mortgage indebtedness; that the Court finds that the active increase in value of the property attributable to the marital efforts was $6,000.00; . . . .

Again, we find and so hold, that these findings of fact are supported by competent evidence from the record.

[2]  Plaintiff next contends that the trial court failed to consider substantial evidence in valuing the parties' marital property. We find no error.

First, we reiterate the standard of review with which we are bound; to affirm the trial court's decision absent an abuse of discretion, *see White, supra,* and apply it to plaintiff's objections. In addition to argument on the valuation of defendant's acquired interest in the separately-titled properties, which we have heretofore decided, plaintiff objects to the valuation of the family automobile, debts incurred immediately after the separation for the purpose of purchasing necessities for defendant and the children, and a loan obligation which he personally assumed to establish defendant in business.

A trial judge is required to conduct a three-step analysis when making an equitable distribution of the marital assets. These steps are: (1) to determine which property is marital property, (2) to calculate the net value of the property, fair market value less encumbrances, and (3) to distribute the property in an equitable manner. *Cable v. Cable,* 76 N.C. App. 134, 331 S.E. 2d 765, *disc. rev. denied,* 315 N.C. 182, 337 S.E. 2d 856 (1985). An equal division of the marital property is mandatory, unless the court determines in the exercise of its discretion that such a distribution is inequitable. G.S. 50-20(c); *White, supra* at 776, 324 S.E. 2d at 832; *Bradley v. Bradley,* 78 N.C. App. 150, 336 S.E. 2d 658 (1985).

In part one of this second Assignment of Error plaintiff argues that the trial court ignored the uncontroverted evidence that he invested $3,500.00 of his separate estate toward the purchase of an automobile shortly after the marriage. What plaintiff fails to note here is that the parties entered a stipulation prior to the hearing that the automobile, a 1982 J-2000 Pontiac, was marital property having a net value of $2,477.00. The court considered this stipulation in making its distribution and we therefore find any arguments to the contrary meritless.

In part two of the assignment of error, plaintiff alleges that the trial court improperly considered a child support obligation, in attributing his payment of a $3,000.00 debt accumulated by defendant and the minor children for necessities after the date of separation, to his continuing obligation to support his minor children. We agree that G.S. 50-20(f) prohibits consideration of child support in an equitable distribution hearing, but find that such an improper factor was not considered in this case. In *Bradley, supra*

at 153, 336 S.E. 2d at 660 (1985), the Court stated that "[t]his provision indicates that amounts paid or received by a party as support for the children of the parties are not to be considered in determining an equitable distribution." The trial court did not improperly use the child support to inflate the income of either party, but rather determined that the debt was incurred to purchase necessities after the parties' separation.

The remaining components of this assignment of error do not merit discussion and neither does plaintiff's third assignment of error, in light of the previous discussion designated part two of assignment of error number two. We further acknowledge plaintiff's decision to abandon his fifth assignment of error. He states: "[i]n light of the trial court's great discretionary latitude and the absence of any definitive finding that the excepted to evidence implicated the final judgment of the court, [a]ppellant abandons this assignment of error."

[3] Finally, plaintiff contends that the trial court committed reversible error in making an unequal division of the marital property as such a division was unsupported by competent evidence. We disagree.

We are guided by the principle which plaintiff enunciates, that an equal division of property is mandatory absent a determination that an equal division would not be equitable. *White, supra.* In G.S. 50-20(c), twelve factors are listed which the court may consider in making an equitable division. The weight which is assigned to any factor rests in the trial court's discretion. *Andrews v. Andrews*, 79 N.C. App. 228, 338 S.E. 2d 809, *disc. rev. denied*, 316 N.C. 730, 345 S.E. 2d 385 (1986).

In the judgment of property distribution, the trial court listed six of the twelve factors stated in G.S. 50-20(c) as considerations which it used to support its finding that an unequal division of the marital property was equitable. Several of the factors considered were: (1) the disparity in the parties' earning abilities, (2) plaintiff's expectation of an unvested pension fund and defendant's lack thereof, and (3) the tax consequences to each party. We find no abuse of discretion.

It is for the foregoing reasons that we affirm the trial court's order in all respects.

Affirmed.

Judges ARNOLD and ORR concur.