KATHLEEN WIENCEK-ADAMS[1] v. ROY REX ADAMS

No. 4A92

(Filed 25 June 1992)

## Divorce and Separation § 161 (NCI4th) — equitable distribution — payment of marital debt — child support not paid — unequal distribution

The trial court did not abuse its discretion in an equitable
distribution action by its unequal division of marital property
where the parties agreed at the time of their separation that

---

1. Throughout the notice of appeal and briefs filed in this Court, the plaintiff's
name was spelled "Wieneck-Adams." However, this is inconsistent with pleadings
included in the record on appeal filed in the Court of Appeals. Investigation reveals
the correct spelling to be the one as used in this opinion.

the husband would pay all back taxes and make all payments on the deed of trust on the marital home and that the wife would take custody of the children and not seek child support until the back taxes were paid; the agreement was not reduced to writing; the tax debt was paid by the husband without reimbursement from the wife and the wife supported the children without seeking child support payments from the husband; a dispute arose as to whether the agreement included a waiver by the wife of all of her interest in the marital home; and the trial court disregarded the agreement because it had not been committed to writing, found that the husband could not have made child support payments while he was paying back taxes, entered a child support order for the subsequent period, credited the husband with payment of the wife's share of the marital debt by awarding him sole ownership of the home, and awarded the wife two amounts not in dispute. Although the Court acknowledged the unfairness of the wife's supporting the children for three years without help from their father and without compensation in the ultimate resolution of the matter, the issue of child support is not encompassed in the equitable distribution issue and its consideration is explicitly barred by N.C.G.S. § 50-20(f) from inclusion in the determination of equitable distribution.

**Am Jur 2d, Divorce and Separation §§ 915, 919, 930.**

Justice WEBB dissenting.

APPEAL by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 104 N.C. App. 621, 410 S.E.2d 525 (1991), affirming an order entered by *Hooks, J.,* on 24 September 1990 in District Court, BRUNSWICK County, which provided for the equitable distribution of the marital assets of the parties pursuant to N.C.G.S. § 50-20. Plaintiff-appellant's argument heard in the Supreme Court on 13 April 1992.

*Shipman & Lea, by Jennifer L. Umbaugh, for plaintiff-appellant.*

*David P. Ford for defendant-appellee.*

LAKE, Justice.

A Judgment of Absolute Divorce between the parties in this case was entered on 2 March 1989. The issues of custody, child

support and equitable distribution were tried before Judge D. Jack Hooks, Jr. at the 1 December 1989 and 17 July 1990 sessions of the District Court, Brunswick County. The plaintiff appealed the trial court's order to the Court of Appeals, which rendered its opinion on 3 December 1991, with Judge Cozort dissenting.

The parties were married on 2 August 1981 and were separated on 3 January 1987; they have three daughters. At trial it was stipulated that at the time of the parties' separation there were two major assets: the husband's pension plan at Carolina Power & Light Company, which the court divided equally by way of a Qualified Domestic Relations Order, and the marital home located at 106 21st Street, Long Beach, North Carolina. On the date of separation, the fair market value of the home was $31,000.00, with an outstanding mortgage balance of $19,605.29, resulting in a net equity of $11,394.71. The parties had a joint marital debt to the Internal Revenue Service of $23,042.70 in back taxes for 1981 and 1982.

The evidence indicates that at the time of their separation, the parties reached the following agreement: the husband would pay all the back taxes; the husband would assume and make payments on the deed of trust on the marital home; the wife would take custody of the children and seek no child support from the husband until such time as the back taxes were paid. The parties carried out this agreement to the extent that the husband did pay off all of the tax debt without seeking reimbursement from the wife and the wife supported the children without seeking child support payments from the husband. The parties did not reduce their agreement to writing.

Following the separation, a dispute arose between the parties as to whether the agreement included a waiver by the wife of all her interest in the marital home as part of the consideration for the husband's paying the taxes. That dispute led to this contested action for equitable distribution.

After hearing the evidence, the trial court found that the parties' oral agreement had included a provision for the wife to convey her interest in the marital home in exchange for the husband's agreement to pay the taxes. However, the trial court also found as a fact that the parties had not committed to writing the terms of their agreement, as required by N.C.G.S. § 22-2, and therefore disregarded the agreement in its treatment of the issues in this case.

## WIENCEK-ADAMS v. ADAMS

[331 N.C. 688 (1992)]

The trial court held that the husband could not have afforded to make any child support payments from the time of the parties' separation on 3 January 1987 to 1 January 1990 because he was making payments on the back taxes during that period. The court entered a child support order for the period from 1 January 1990 to the date of its order, 24 September 1990, carefully calculating the amount owed under the Child Support Guidelines both prior to and after their modification as of 1 July 1990.

In dividing the marital home under N.C.G.S. § 50-20, the court credited the defendant with his payment of the wife's share of the joint marital debt in the amount of $11,521.35 by awarding him sole ownership of the marital home, which had a net equity of $11,394.71.

Ultimately, the court awarded the wife $2,450.00 and the husband $13,844.71. The wife's award represents a one-half interest in a motorcycle and the appreciation in the marital home, neither of which was in dispute. The difference between the spouses' awards represents the net equity in the marital home.

Because this case comes before us by way of an appeal based solely on a dissenting opinion in the Court of Appeals, our review is "limited to a consideration of those questions which are (1) specifically set out in the dissenting opinion as the basis for [the] dissent, (2) stated in the notice of appeal, and (3) properly presented in the . . . briefs . . . ." N.C. R. App. P. 16(b); see also State v. Hooper, 318 N.C. 680, 351 S.E.2d 286 (1987); Clifford v. River Bend Plantation, Inc., 312 N.C. 460, 323 S.E.2d 23 (1984). Therefore, the sole issue before us is whether the trial court's facially unequal distribution of the marital property constitutes an abuse of discretion in light of its finding that the distribution in this case should be equal. This is the issue presented in the dissent, the notice of appeal and the briefs.

Equitable distribution is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. White v. White, 312 N.C. 770, 324 S.E.2d 829 (1985). Only a finding that the judgment was unsupported by reason and could not have been a result of competent inquiry, Lawing v. Lawing, 81 N.C. App. 159, 344 S.E.2d 100 (1986); Nix v. Nix, 80 N.C. App. 110, 341 S.E.2d 116 (1986), or a finding that the trial judge failed to comply with the statute, N.C.G.S. § 50-20(c) (1987), will establish an abuse of discretion. White v. White, 312 N.C. 770, 324 S.E.2d

829. The record before us reflects that the trial judge's decision is supported by reason and complies with the statute.

The wife's argument against the equitability of the court's distribution of the assets is grounded in the court's refusal to consider her waiver of child support during the period from the parties' separation on 3 January 1987 until 1 January 1990 while the husband was making payments on the joint marital tax debt. The contention is that if the court had offset the child support which would have accumulated during that period (found by the court to be $24,570.00)[2] against the amount paid by the husband in back taxes ($23,042.70), the parties would have been essentially even, and the marital home should have been divided evenly between them. According to the wife, the court's failure to so consider her waiver, while awarding the husband the entire house, results in a double credit to the husband, who got both the benefit of not paying child support and the credit for paying the wife's share of the debt. Judge Cozort's dissent reflects these same arguments and concludes that "[this] kind of double credit is an abuse of discretion, and [the court] should not let it stand." *Wieneck-Adams v. Adams*, 104 N.C. App. at 624, 410 S.E.2d at 527.

As a preliminary matter, we affirm the trial court's view that the oral agreement between the parties had to be disregarded. *McLean v. McLean*, 88 N.C. App. 285, 363 S.E.2d 95 (1987), *aff'd*, 323 N.C. 543, 374 S.E.2d 376 (1988); *McIntosh v. McIntosh*, 74 N.C. App. 554, 328 S.E.2d 600 (1985); *see* N.C.G.S. § 50-20(d) (1987) (providing for *written, duly executed and acknowledged* agreements dividing marital property). However, the above cited authorities do not stand for the proposition that the court was barred from considering, apart from the agreement, the fact that the wife had paid for the children's support for three years without contribution from the husband. What precluded the court from such consideration is the plain meaning of subsection (f) of N.C.G.S. § 50-20, the equitable distribution statute, which states:

> (f) The court shall provide for an equitable distribution *without regard to alimony for either party or support of the children of both parties*. After the determination of an equitable

---

2. The court found as a fact that the husband's child support obligation for the period in question would have been $682.50 per month. Multiplied by 36 months, this amounts to $24,570.00.

distribution, the court, upon request of either party, shall consider whether an order for alimony or child support should be modified or vacated pursuant to G.S. 50-16.9 or 50-13.7.

N.C.G.S. § 50-20(f) (1987) (emphasis added).

In *Bradley v. Bradley*, 78 N.C. App. 150, 336 S.E.2d 658 (1985), the Court of Appeals held that N.C.G.S. § 50-20(f) "indicates that amounts paid or received by a party as support for the children of the parties are not to be considered in determining an equitable distribution." 78 N.C. App. at 153, 336 S.E.2d at 660. We agree with the wife that *Bradley* is different from this case in that it focused on the prohibition on treating child support as income to either party. It is also true, as the wife argues, that our courts have not interpreted N.C.G.S. § 50-20(f) to exclude consideration of "an entire waiver of child support in exchange for satisfaction of a marital debt." However, the holding in *Bradley* reflects the broader prohibition of the statute: that past payments or receipts of child support are not to be taken into account in determining equitable distribution.

Alternatively, the wife contends that the trial court could and should have considered the wife's unrequited waiver of child support under the catchall section of the statute allowing consideration of "any other factor which the court finds to be just and proper." N.C.G.S. § 50-20(c)(12) (1987). We read the words "any other" to exclude those factors explicitly excluded from consideration by other provisions of N.C.G.S. § 50-20(f). Thus we conclude that in its determination of equitable distribution the trial court properly excluded the wife's payment of child support and her waiver of claims for the husband's payment of child support for the period from 3 January 1987 through 1 January 1990.

Finally, the wife maintains that the court was inconsistent, and therefore erroneous, in finding that an equal distribution of the assets would be equitable in this case, but awarding the parties unequal parts of the marital estate. We understand the meaning of the trial court's ruling that an equal distribution of the assets would be equitable in this case to be that the parties were equally deserving when judged by the criteria in N.C.G.S. § 50-20(c). For example, they were both well employed, neither had assets or liabilities that far exceeded those of the other, and the wife had no desire or need to reside with the children in the marital home. Further, the wife was entitled to one-half the equity in the home

WIENCEK-ADAMS v. ADAMS

[331 N.C. 688 (1992)]

($5,697.00) but she was relieved of $11,521.00 in debt in exchange for her interest in the home. In order to achieve the equal distribution, the judge made an allowance in the husband's favor to reflect his post-separation payments to remove a debt that would otherwise have been divided equally here as well. We do not find any inconsistency or error in the trial court's order. In light of the facts properly under consideration by the trial court, including the "relative parity in the incomes of the parties" and the husband's having "expended substantial sums to alleviate . . . the marital debt," we find no abuse of discretion in allowing the husband a credit for his payment of the parties' joint marital debt to the Internal Revenue Service. Even Ms. Wiencek-Adams concedes that if the child support waiver is not to be taken into consideration, the distribution by the trial court is equitable.

While we acknowledge the unfairness of the wife's supporting the children for three years without help from their father and without compensation in the ultimate resolution of the matter, unfortunately the issue of child support is not within the scope of our review in this case. It is not encompassed in the equitable distribution issue; indeed its consideration is explicitly barred by statute from inclusion in the determination of equitable distribution. Furthermore, the child support issue was not raised in any petition for further discretionary review under N.C.G.S. § 7A-31. Therefore, we cannot and do not reach it.

We conclude that there was no abuse of discretion by the trial court, and the decision of the Court of Appeals is

Affirmed.

Justice WEBB dissenting.

I dissent for the reasons stated by Judge Cozort in his dissenting opinion in the Court of Appeals.