NO. COA13-525

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

DOLORES MARIE SHOPE,
    Plaintiff,

    v.                                          Lee County
                                                No. 09 CVD 933
RICHARD WAYNE PENNINGTON,
    Defendant.


Appeal by plaintiff from order entered 14 January 2013 by Judge Jacquelyn L. Lee in Lee County District Court. Heard in the Court of Appeals 23 October 2013.

> *Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene and Tobias S. Hampson, for plaintiff-appellant.*

> *Doster, Post, Silverman, Foushee & Post, P.A., by Jonathan Silverman, for defendant-appellee.*


HUNTER, Robert C., Judge.


Plaintiff Dolores Shope appeals from an amended equitable distribution order. On appeal, plaintiff argues that the trial court erred by failing to properly distribute the payments defendant made toward the marital debt associated with Pennington Farms and by awarding an unequal distribution in favor of defendant. After careful review, pursuant to *Bodie v. Bodie*, __ N.C. App. __, __, 727 S.E.2d 11, 15 (2012), we reverse the trial

court's amended equitable distribution order and remand for additional findings.

## Background

Plaintiff and defendant married on 21 November 2002, separated 28 May 2009, and subsequently divorced. At the time of trial, plaintiff was 71 years old, and defendant was 72. Plaintiff worked as a manager at McDonald's in Spring Lake, North Carolina and earned approximately $10.00 per hour. In addition, she received $1,419.40 each month in social security benefits and $282.95 per month from her pension. Defendant operated Pennington Farms, a poultry business located in Carthage, North Carolina. His approximate average monthly gross income was $1,977.00—$1,275.00 earned from the operation of Pennington Farms and $702.00 in social security benefits. It is uncontroverted that the Pennington Farms's business, assets, and liabilities were marital property with the exception of the real property on which the business is located. The real property is defendant's separate property.

On 3 November 2011, the parties entered into an amended pretrial order that identified all the property and debts subject to equitable distribution. In regards to marital debt, the parties agreed that plaintiff had made payments of $11,841.84 towards

marital debt associated with a vehicle. Defendant had paid $511,522.69 toward marital debt associated with Pennington Farms after the date of separation from funds "generated from Pennington Farms."

On 10 and 17 November 2011, the trial court held a hearing on the issue of equitable distribution. On 10 May 2012, the trial court entered an equitable distribution order, ultimately determining that an unequal distribution in favor of plaintiff was equitable. In that order, the trial court made the following, pertinent, conclusion:

> 33. That neither party presented evidence as to divisible property and therefore no divisible property is identified, classified, valued or distributed. Plaintiff solely paid the debt for her vehicle (Item 103) after date of separation; however, the decrease in this debt is due to the postseparation actions of [p]laintiff and is not treated as divisible property or debt. Defendant solely paid the marital debts listed in 30B above after date of separation; however the decrease in these debts is due to the postseparation actions of [d]efendant and is not treated as divisible property or debt.

With regard to the parties' acts to preserve the marital property, the trial court noted that "[d]efendant has paid $506,903.69 toward marital debts associated with Pennington Farms after separation and before the date of trial."

On 24 May 2012, plaintiff filed a Rule 59(e) motion requesting the trial court amend its equitable distribution order or, in the alternative, grant a new trial for three basic reasons. First, plaintiff argued that the trial court erred in failing to classify the decrease in the marital debt associated with Pennington Farms as divisible property pursuant to N.C. Gen. Stat. § 50-20(b)(4)(d). Second, plaintiff contended that defendant actually paid a total of $511,522.69 toward the marital debt, not $506,903.69 as the trial court found. Finally, plaintiff argued that the trial court failed to properly value Pennington Farms.

On 14 January 2013, the trial court entered an order partially granting and partially denying plaintiff's Rule 59 motion. The trial court issued an amended equitable distribution order that reclassified the payments defendant made towards the marital debt associated with Pennington Farms as divisible property, revalued those payments to $511,522.69, and distributed all those payments to defendant. The trial court denied plaintiff's request to revalue Pennington Farms. Finally, the trial court considered the factors listed in N.C. Gen. Stat. § 50-20(c) and concluded that an unequal distribution in favor of defendant was equitable.

Plaintiff timely appealed the amended order.

**Arguments**

Plaintiff first argues that the trial court erred by distributing all of defendant's payments toward the marital debt associated with Pennington Farms to defendant without making the proper findings.  Specifically, plaintiff contends that the trial court found that the funds for those payments were "generated" by Pennington Farms, a marital asset.  However, plaintiff alleges that the trial court erred by failing to make any findings as to the source of those funds and by refusing to give her any consideration for defendant's use of marital property.  Pursuant to *Bodie*, we agree and remand the matter back to the trial court for the making of additional findings of fact identifying the source of the funds defendant used to make those payments and amend its distribution of those payments in accordance with this opinion.

Our standard of review of a trial court's equitable distribution order is well-established:

> Equitable distribution is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion.  Only a finding that the judgment was unsupported by reason and could not have been a result of competent inquiry or a finding that the trial judge failed to comply with the statute, will establish an abuse of discretion.

*Wiencek-Adams v. Adams*, 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992) (internal citations omitted).

According to N.C. Gen. Stat. § 50-20(b)(4)(d) (2011), divisible property includes "[i]ncreases and decreases in marital debt and financing charges and interest related to marital debt." "A spouse is entitled to some consideration, in an equitable distribution proceeding, for any post-separation payments made by that spouse (*from non-marital or separate funds*) for the benefit of the marital estate." *Bodie*, __ N.C. App. at __, 727 S.E.2d at 15 (emphasis added). Our Courts have recognized that a credit may be used as a means to take into consideration a party's postseparation payments on marital debt. *See Wiencek-Adams*, 331 N.C. at 694, 417 S.E.2d at 453. However, "a spouse is entitled to some consideration for any post-separation use of marital property by the other spouse." *Walter v. Walter*, 149 N.C. App. 723, 731, 561 S.E.2d 571, 576-77 (2002). In other words, if a spouse uses marital property to pay down marital debt, the other spouse is entitled to some consideration for that use.

We find guidance from this Court's recent decision in *Bodie*. In *Bodie*, the trial court found that the plaintiff paid $216,000.00 toward the marital debts. *Id*. at __, 727 S.E.2d at 15. However, the trial court failed to properly classify these payments as divisible property or make any findings regarding the source of those funds. *Id*. The Court noted that:

> Plaintiff has not cited any cases, and we know of none, holding that a spouse is entitled to a "credit" for post-separation payments made using marital funds. As a result, in order to properly evaluate the trial court's treatment of post-separation marital debt payments, the source of the funds used to make the payments should be identified.

*Id.* In other words, pursuant to *Bodie*, defendant would not be entitled to full credit for those payments toward marital debt if those payments were made using marital funds. Thus, in order for us to determine whether the trial court properly distributed those payments to defendant, the source of funds for defendant's payments must be identified.

In its amended equitable distribution order, the trial court found that:

> The [d]efendant has paid $511,522.69 toward marital debts associated with Pennington Farms after the date of separation and before the date of trial as stipulated to in Schedule M of the pretrial order. The funds for these payments came from the [d]efendant *by virtue of his effort in operating Pennington Farms after the date of separation which generated income to pay these debts.* The Court will consider this divisible property, as defined in G.S. 50-20(b)(4) and (d) in its final judgment. This divisible property is assigned to the [d]efendant.

(Emphasis added). Here, unlike *Bodie*, the trial court properly classified the defendant's payment of debts associated with Pennington Farms as divisible property in its amended equitable

distribution order. However, the trial court distributed all of those payments, $511,522.69, to defendant without making specific findings as to the source of those funds. While a trial court may distribute payments unequally, *see Stovall v. Stovall*, 205 N.C. App. 405, 413, 698 S.E.2d 680, 686 (2010), plaintiff would be entitled to some consideration of those payments if the source of those funds was marital property. *See Bodie*, __ N.C. App. at __, 727 S.E.2d at 15. Here, the trial court's identification of the source of those funds is ambiguous. However, given that the average monthly gross income defendant earned from the operation of Pennington Farms was $1,275.00, it seems unlikely that defendant was able to generate over half of a million dollars in debt payments solely on income he earned from his work on the farm. In other words, the numbers do not add up. Consequently, the trial court erred in not making clear findings as to the source of these funds and, if the source included defendant's use of the marital property to generate income, in not giving plaintiff any consideration for that use. Therefore, we remand this matter back to the trial court to make additional findings of fact which identify the source of the funds used to pay down the marital debt associated with Pennington Farms and redistribute those payments if necessary.

Next, plaintiff argues that the trial court abused its discretion by entering an amended equitable distribution award in favor of defendant based on exactly the same distributional factors it relied on in its original equitable distribution order which favored plaintiff. Because defendant may not be entitled to a full credit for the payments he made toward the marital debt associated with Pennington Farms, which would factor in the trial court's determination of whether an unequal distribution was equitable pursuant to N.C. Gen. Stat. § 50-20(c), we remand.

Pursuant to N.C. Gen. Stat. § 50-20(c), an equal division of marital property is equitable. "However, a trial court may consider all the factors listed in § 50-20(c) and find that an equal division of marital property would not be equitable under the circumstances." *Petty v. Petty*, 199 N.C. App. 192, 199, 680 S.E.2d 894, 899 (2009).

One of the statutory factors a trial court must consider is the "[a]cts of either party to maintain, preserve, develop, or expand; or to waste, neglect, devalue or convert the marital property or divisible property, or both, during the period after separation of the parties and before the time of distribution." N.C. Gen. Stat. § 50-20(c)(11a). In the amended equitable distribution order, when the trial court addressed this factor, it

found that it favored defendant because he had paid $506,903.69 toward marital debts. Initially, we note that this figure is not consistent with the trial court's findings. Specifically, the trial court found that defendant paid $511,522.69. Additionally, given that defendant may not be entitled to a full credit for these payments, *see Bodie*, __ N.C. App. at __, 727 S.E.2d at 16, it may be necessary for the trial court to reconsider this factor and determine whether an unequal division in favor of defendant is still justified. Thus, we must reverse and remand the amended equitable distribution order back to the trial court for findings consistent with this opinion.

**Conclusion**

Because the trial court failed to make findings regarding the source of the funds defendant used to pay the marital debt and refused to give plaintiff any consideration for those payments even though the source of those funds may have come from marital property, we reverse and remand the matter back to the trial court to make findings and redistribute those payments if necessary. In addition, we remand the matter back to the trial court to make findings as to whether an unequal distribution in favor of defendant is still equitable in light of our opinion.

REVERSED AND REMANDED.

Judges CALABRIA and ROBERT N. HUNTER, JR. concur.