NO. COA14-41

NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

LOIS A. SAULS,
    Plaintiff,

    v.                                        Beaufort County
                                             No. 06 CVD 1632
ROLAND GARY SAULS,
    Defendant.


Appeal by defendant from orders entered 15 February 2013 and 11 July 2013 by Judge Darrell B. Cayton, Jr. in Beaufort County District Court. Heard in the Court of Appeals 13 August 2014.

*Attorney Jonathan McGirt, for plaintiff.*

*Attorney W. Gregory Duke, for defendant.*


ELMORE, Judge.

Defendant timely appeals from: 1.) an equitable distribution order entered 15 February 2013 ordering defendant to pay plaintiff an in-kind distribution of $178,667.49 in cash and check proceeds and 2.) an order entered 11 July 2013 denying defendant's motion for a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure. After careful consideration, we affirm.

**I. Facts**

Lois A. Sauls (plaintiff) and Roland Gary Sauls (defendant) married each other on 6 October 1963. Over the years, defendant accumulated large sums of cash, which he kept inside a safe in the parties' former marital residence. Although plaintiff knew where the combination to the safe was hidden, she did not access the safe unless directed to do so by defendant. In September 2005, the parties temporarily separated. Around this time, plaintiff attempted to access the safe on her own but the combination and keys had been removed from their usual hiding place. Defendant was the only other person who knew where the combination and keys were hidden.

The parties reconciled in January 2006. At that time, defendant had four checks, each for $10,000, issued and made payable to plaintiff. On two separate occasions, defendant drove plaintiff to the bank, sent her inside to endorse and cash one of the checks, and then plaintiff gave defendant the cash proceeds, which he "needed . . . for the business." Plaintiff testified that she never cashed the two remaining checks and defendant always kept the checks in his possession. However, defendant claimed plaintiff cashed the remaining two checks in the same way as she did the first two and that plaintiff had just "forgot some things."

The parties finally separated on 13 August 2006. On 13 December 2006, plaintiff filed a complaint asserting claims for post-separation support, alimony, divorce from bed and board, equitable distribution, and attorneys' fees. Defendant filed an answer and a counterclaim for equitable distribution. In spring 2008, the safe was opened by a locksmith in the presence of the parties and their attorneys. There was no cash in the safe.

On 30 January 2009, the parties divorced. Plaintiff subsequently dismissed the complaint against defendant with the exception of her claim for equitable distribution, which was heard in Beaufort County District Court on 29 May 2012. The trial court found that defendant had removed from the marital residence $330,000 in cash and $20,000 in certified checks, which were marital assets. The trial court entered an order for equitable distribution and, in part, ordered that defendant pay plaintiff $178,667.49 as an in-kind distribution of cash and certified checks that defendant took from the former martial estate.

## II. Analysis

### a.) Findings of Fact

First, defendant argues that the trial court erred in finding as fact that the parties had $350,000 in cash and checks as of the date of separation. We disagree.

"In reviewing a trial judge's findings of fact, we are 'strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law.'" *State v. Williams*, 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (quoting *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)); *see also Sisk v. Transylvania Cmty. Hosp., Inc.*, 364 N.C. 172, 179, 695 S.E.2d 429, 434 (2010) ("'[F]indings of fact made by the trial judge are conclusive on appeal if supported by competent evidence, even if . . . there is evidence to the contrary.'" (quoting *Tillman v. Commercial Credit Loans, Inc.*, 362 N.C. 93, 100-01, 655 S.E.2d 362, 369 (2008))).

It is the duty of the trial judge "to weigh and consider all competent evidence, and pass upon the credibility of the witnesses, the weight to be given their testimony and the reasonable inferences to be drawn therefrom." *In re Whisnant,* 71 N.C. App. 439, 441, 322 S.E.2d 434, 435 (1984) (citation

omitted). "It is not the function of this Court to reweigh the evidence on appeal." *Garrett v. Burris,* ___ N.C. App. ___, ___, 735 S.E.2d 414, 418 (2012), *aff'd per curiam,* 366 N.C. 551, 742 S.E.2d 803 (2013).

The record contains competent evidence to support the trial court's finding regarding the value of the cash and checks. Most notably, under "Schedule F" of the pre-trial order ("Property about which there is a disagreement as to classification, with each party's contentions as to the value and distribution."), neither party disputed the value of the items listed as "$330,000 cash" and "2 Certified Checks in Wife's Name." Defendant only contended that the cash should be split in half because it was marital property, and that he did not know the location of the checks.

Additionally, although plaintiff never counted how much money was in the safe, she testified that defendant told her the amount was "three-thirty." Defendant testified that, in the safe, he had "ten plus" envelopes each with "thirty or forty thousand dollars in an envelope at one time." Defendant also stated that the last time he counted the cash was late in the summer of 2006, just before the parties separated, and the safe contained $330,000.

Moreover, plaintiff testified that she only cashed two of the four $10,000 checks. Although the parties offered conflicting testimony as to whether defendant had the two remaining checks, the trial court found more credible plaintiff's testimony that she never cashed the remaining checks and that defendant had them in his possession. Thus, the trial court did not err in finding as fact that the parties had $350,000 in cash and checks as of the date of separation.

**b.) "Presently Owned"**

Next, although defendant offers no legal authority for his argument, he maintains that because the cash and checks were not found in the safe, the trial court could not find that they were "presently owned" by the parties on the date of separation. We disagree.

> Equitable distribution is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. Only a finding that the judgment was unsupported by reason and could not have been a result of competent inquiry, or a finding that the trial judge failed to comply with the statute, will establish an abuse of discretion.

*Wiencek-Adams v. Adams*, 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992) (citations omitted).

Marital property is "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property or divisible property[.]" N.C. Gen. Stat. § 50-20(b)(1) (2013). "The spouse claiming that the property is separate bears the burden of proof, as under N.C. Gen. Stat. § 50-20(b)(1), it is presumed that all property acquired after the date of marriage and before the date of separation is marital property[.]" *Allen v. Allen*, 168 N.C. App. 368, 374, 607 S.E.2d 331, 335 (2005) (citation and quotation marks omitted). This Court has interpreted "presently owned" to mean property owned by either party as of the date of separation. *See Lawrence v. Lawrence*, 100 N.C. App. 1, 16-17, 394 S.E.2d 267, 275 (1990)(ruling that the trial court erred in classifying certain funds as marital property where the funds had been used to purchase assets that were not owned by either party on the date of separation).

Here, the trial court found that defendant removed from the marital home $350,000 in cash and checks, which were marital funds. It is irrelevant whether the cash and checks were actually in the safe on the date of separation, especially since

the record is devoid of any evidence that the cash or checks were ever owned by someone other than plaintiff or defendant. Thus, we hold that the cash and checks were "presently owned," and defendant's argument fails.

**c.) In-Kind Distribution**

Finally, defendant argues that the trial court erred by ordering an in-kind distribution[1] of $178,667.49 without first considering whether defendant had sufficient liquid assets to satisfy such an award. We disagree.

N.C. Gen. Stat. § 50-20(e) (2013) "creates a presumption that an in-kind distribution of marital or divisible property is equitable, but permits a distributive award 'to facilitate, effectuate, or supplement' the distribution." *Allen*, 168 N.C. App. at 372-73, 607 S.E.2d at 334. "[I]f the trial court determines that the presumption of an in-kind distribution has been rebutted, it must make findings of fact and conclusions of law in support of that determination." *Urciolo v. Urciolo*, 166 N.C. App. 504, 507, 601 S.E.2d 905, 908 (2004). Should a party

---

[1] The difference between a "distributive award" and an "in-kind distribution" is explained in 1 Lloyd T. Kelso, N.C. Family Law Practice § 6:60 (2008): "An 'in-kind distribution' refers to a distribution of the property itself as opposed to a substitute for the property such as a cash award equal to the value of the property." *Id.* § 6:60, at 447.

successfully rebut the equity of an in-kind distribution, a trial court may order a distributive award pursuant to N.C. Gen. Stat. § 50-20(c) (2013). This statute sets forth distributional factors that the trial court must consider before ordering a distributive award. *Id*. One of those factors is "[t]he liquid or nonliquid character of all marital property and divisible property." *Id*. In other words, "[t]he trial court is required to make findings as to whether the defendant has sufficient liquid assets from which he can make the *distributive award payment*." *Urciolo*, 166 N.C. App. at 507, 601 S.E.2d at 908 (emphasis added).

Here, the trial court specifically ordered an in-kind distribution of the marital funds, but defendant did not rebut the presumption that an in-kind distribution of the cash and checks would be equitable. As such, the trial court was not required to consider the distributive award factors enumerated under N.C. Gen. Stat. § 50-20(c), including whether defendant had sufficient assets to pay the award. Furthermore, because the trial court specifically ordered defendant to pay $178,667.49 from the $350,000 in cash and check proceeds in his possession, it is clear that the same liquidity concerns raised with distributive awards are not present in this case.

### III. Conclusion

In sum, the trial court did not err in finding as fact that the parties had $350,000 in cash and checks as of the date of separation, or in ordering defendant to pay plaintiff $178,667.49 in cash or check proceeds as an in-kind distribution. The trial court's findings of fact are supported by competent evidence in the record, and it was not required to make a specific finding that defendant had sufficient liquid assets to pay the in-kind distribution. Accordingly, the trial court's equitable distribution order and order denying defendant's motion for a new trial are affirmed.

Affirmed.

Judges CALABRIA and STEPHENS concur.