IN THE MATTER OF VIRGIL RAY BROWN

No. 7418DC577

(Filed 18 September 1974)

1. **Judgments § 17; Rules of Civil Procedure § 60— motion for relief from order — order not void**

     Order pertaining to custody of a dependent child was not void, and respondent's motion for relief from the order under Rule 60(b)(4) was properly denied, where the court had jurisdiction over the parties and subject matter and had authority to render the judgment entered.

2. **Rules of Civil Procedure § 60— motion for relief from prior order**

     Motion for relief from a prior order under Rule 60(b)(6) on the ground the order was contrary to law was properly denied since Rule 60(b)(6) cannot be used as a substitute for appeal and an appeal from an order denying relief under Rule 60(b) does not bring up for review the judgment from which relief is sought.

3. **Rules of Civil Procedure § 59— motion for new trial — appellate review**

     Motion for a new trial made under Rule 59(a)(7) is addressed to the sound judicial discretion of the trial judge, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal.

APPEAL by respondent from *Gentry, District Judge,* 27 February 1974 Session of District Court held in GUILFORD County.

After hearing held on petition of the paternal grandmother of an illegitimate 2½-year-old boy which alleged the child to be a neglected and dependent child as defined in G.S. 7A-278, the district court by order dated 28 November 1973 found the child to be a "dependent child" and placed the child in the custody of the petitioning grandmother. Respondent, the child's mother, had been duly served with notice of the hearing, but failed to appear. On 11 December 1973 respondent filed a motion for review and at a hearing on this motion, which was held on 28 December 1973, the court heard additional evidence, including testimony of respondent who was represented by counsel. Following the second hearing the court entered an order dated 28 December 1973 making additional findings of fact, including findings that the child was being satisfactorily cared for by the paternal grandmother, that he was being supported by the father and the paternal grandmother, and that it was in his best interest that he remain in custody of the paternal grandmother. Accordingly, the court dismissed respondent's motion for review.

Respondent did not appeal from the 28 December 1973 order but on 31 December 1973 filed a motion seeking relief from that order under G.S. 1A-1, Rule 60(b)(4) on the ground that the order was void and under Rule 60(b)(6) on the ground that it was contrary to law. In the alternative respondent moved for a new trial under Rule 59(a)(7) on the ground that the order was contrary to law. After hearing on these motions, the court on 27 February 1974 entered order denying the same, and respondent appealed.

*No counsel for petitioner appellee.*

*David B. Smith for respondent appellant.*

PARKER, Judge.

No appeal having been taken from the prior orders, the only matter before this court for review is the order of 27 February 1974 which denied respondent's motions in which she sought relief from the 28 December 1973 order or, in the alternative, sought a new trial.

[1] Respondent's motion for relief under Rule 60(b)(4), made on the ground that the prior order from which respondent sought relief was void, was properly denied. Clearly, the 28 December 1973 order was not void, since the court had jurisdiction over the parties and the subject matter and had authority to render the judgment entered.

[2] Respondent's motion under Rule 60(b)(6), made on the ground that the prior order from which respondent sought relief was contrary to law, was also properly denied. Rule 60(b)(6) cannot be used as a substitute for appeal, 2 McIntosh, N. C. Practice and Procedure (Phillips Supp. 1970) § 1720, and "an appeal from an order denying relief under 60(b) does not bring up for review the judgment from which relief is sought." 7 Moore's Federal Practice, § 60.30[1].

[3] Finally, respondent's motion for a new trial, made under Rule 59(a)(7), was addressed to the sound judicial discretion of the trial judge, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal. *Glen Forest Corp. v. Bensch,* 9 N.C. App. 587, 176 S.E. 2d 851 (1970). No abuse of discretion has been shown.

Although, as noted above, our appellate review in this case has been limited, a careful reading of the entire record reveals

that the trial judge was conscientious in seeking to protect the rights of all parties, that he was concerned primarily with the welfare of the child, and that the orders entered were substantially in accordance with law.

Affirmed.

Judges CAMPBELL and VAUGHN concur.