MARGARET B. HOWELL v. ELMER LEE TUNSTALL

No. 8220DC1171

(Filed 1 November 1983)

1. **Rules of Civil Procedure § 60.2— motion to vacate judgment—showing required**

    Defendant failed to meet the requirements of G.S. 1A-1, Rule 60(b)(4) for vacating a judgment of divorce from bed and board where he presented no evidence that the judgment is void but only presented evidence that he may have had a genuine defense to the divorce.

2. **Divorce and Alimony § 7— divorce from bed and board—effect of reconciliation while complaint pending**

    A reconciliation and cohabitation by the parties while a complaint for divorce from bed and board was pending did not prohibit the court from granting such a divorce based on habitual drunkenness and indignities.

APPEAL by defendant from *Honeycutt, Judge.* Order entered 23 July 1982 in District Court, RICHMOND County. Heard in the Court of Appeals 28 September 1983.

*Sharpe & Buckner by Richard G. Buckner for plaintiff appellee.*

*Pittman, Pittman & Dawkins by Donald M. Dawkins for defendant appellant.*

BRASWELL, Judge.

The defendant seeks to set aside a judgment of divorce *a mensa et thoro* obtained by his wife. Although the defendant was given notice of the hearing to consider his wife's divorce action, he chose not to appear or to contest it. As fate would have it, on 9 December 1981, the day Margaret Howell was granted a divorce from bed and board from the defendant, she died. We hold that the trial court properly denied the defendant's motion to set aside the divorce judgment.

On 19 February 1981, Margaret Howell filed a complaint seeking exclusive possession of her home free from any interference by the defendant and a divorce from bed and board. By *ex parte* order, the trial court ordered that due to the defendant's drinking habits and the possibility that he might do serious bodily harm to the plaintiff, he would be restrained from entering the plaintiff's residence. On 20 November 1981, nine months after the complaint was filed, the defendant was given notice that the plaintiff would go forward with her action seeking a divorce from bed and board. On 9 December 1981, the trial court ordered that because the defendant habitually abused the use of alcohol and because certain indignities committed by the defendant had rendered her condition intolerable and her life burdensome, the plaintiff should be awarded a divorce from bed and board.

Within six months of Margaret Howell's death on 9 December 1981, the defendant filed a dissent from her will and a claim against her estate. He moved to substitute the co-executors of his former wife's estate as plaintiff in this action and to set aside the divorce from bed and board, declaring the judgment null and void. On 6 July 1982, the trial court denied the defendant's motion to set aside the divorce judgment. The defendant appeals.

The first issue raised in the defendant's brief with corresponding assignments of error asserts that the trial court committed error by sustaining objections to questions asked by the defendant to his witnesses. The objections generally were sustained on the basis that the questions (1) called for a conclusion on the part of the witness or (2) violated G.S. 8-51, the Dead Man's Statute. In carefully examining the record, we find it unnecessary to decide this case based strictly on evidentiary reasons.

The defendant in his motion to set aside the divorce decree states that the judgment is void because the parties had reconciled after the filing of the complaint. We find it unnecessary to decide whether or not the evidence was properly excluded because even if all the evidence had been admitted it would be insufficient to justify setting aside the judgment under G.S. 1A-1, Rule 60(b)(4).

[1] In the motion hearing, the defendant only reargued the merits of whether the divorce from bed and board should have been granted. He had been given an opportunity to be heard on that issue and failed to appear without excuse to express any opposition to the divorce. Rule 60(b)(4) now requires him to bring forward evidence that demonstrates the judgment is void, not evidence that he may have had a genuine defense to the divorce. The defendant has failed to meet the requirements of Rule 60(b)(4) to have the judgment vacated because he cannot show it is void. The district court judge who granted the divorce had authority to hear and determine the subject matter of the action and had jurisdiction over the parties. *Lumber Co. v. West,* 247 N.C. 699, 102 S.E. 2d 248 (1958); *In re Brown,* 23 N.C. App. 109, 208 S.E. 2d 282 (1974). Rule 60(b)(4) requires that the judgment be void and "a divorce decree, in all respects regular on the face of the judgment roll, is at most *voidable,* not void." *Carpenter v. Carpenter,* 244 N.C. 286, 295, 93 S.E. 2d 617, 625-26 (1956). *See also Stokley v. Stokley,* 30 N.C. App. 351, 227 S.E. 2d 131 (1976).

In any event, the defendant has failed to take specific exceptions to the findings of fact and conclusions of law. By taking a "broadside exception" to all the findings and conclusions in the judgment, our scope of review is limited "'to the question of whether the findings of fact are sufficient to support the judgment or whether error of law appears on the face of the record.'"

*London v. London,* 271 N.C. 568, 570, 157 S.E. 2d 90, 91-92 (1967), *citing* 1 Strong's N.C. Index, Appeal and Error, § 21 (1957). We hold the findings are sufficient to support the judgment and no error of law appears on its face.

[2]    The second major assignment of error contends that the trial court's decision to deny the motion to set aside the judgment was contrary to North Carolina law. The defendant asserts that a reconciliation between the parties after the complaint is filed bars all acts used as a basis for the complaint to be later used as a basis for the divorce. A divorce from bed and board is a judicial separation. *Schlagel v. Schlagel,* 253 N.C. 787, 117 S.E. 2d 790 (1961). Reconciliation while the action is pending is not a defense to a divorce from bed and board, unlike other concepts such as condonation—the forgiveness of a marital offense constituting a ground for divorce. *See Adams v. Adams,* 262 N.C. 556, 138 S.E. 2d 204 (1964). If the parties reconcile and resume cohabitation as man and wife after a divorce from bed and board is granted, the effect of the divorce from bed and board is destroyed. No court action to end such divorce is necessary. 1 R. Lee, N.C. Family Law, § 35 (4th ed. 1979). *See also Freeman v. Belfer,* 173 N.C. 581, 584, 92 S.E. 486, 488 (1917).

The divorce from bed and board was granted on the basis of habitual drunkenness and indignities. The fact that the parties may have cohabitated after the complaint was filed does not prevent a divorce from bed and board on these grounds from being granted. Since the plaintiff died the day the divorce was granted, no reconciliation was possible. Because the defendant had an opportunity to raise a condonation defense at the time the divorce action was heard, he cannot now claim that the judgment is void because of his failure to raise the defense in a timely manner. Therefore, the motion to set aside the judgment was properly denied.

Affirmed.

Judges BECTON and JOHNSON concur.