WINDHAM DISTRIBUTING COMPANY, INC. v. STEVE DAVIS, T/A/D/B/A PIEDMONT CAROLINA TRUCKING AND RONALD PERRY; AND MARINE TRANSPORT, INC.

No. 845DC231

(Filed 28 December 1984)

1. **Rules of Civil Procedure § 60.2— motion to declare a judgment void for error of law—properly denied**

    Defendant's motion under G.S. 1A-1, Rule 60(b)(4) to have a judgment against him declared void for errors of law was properly denied where the trial court had the authority and jurisdiction to enter the judgment. Defendant should have appealed directly from the judgment to have obtained relief from alleged errors of law in the judgment.

2. **Execution § 17— execution against person—findings required for arrest order**

    The court should have granted defendant's motion to dismiss an order of arrest issued as part of the execution of a judgment against defendant's person where the order did not contain a finding that the defendant was about to flee the jurisdiction to avoid paying his creditors, had concealed or diverted assets in fraud of his creditors, or would do so unless immediately detained. G.S. 1-311, G.S. 1-410.

APPEAL by defendant, Steve Davis, from *Rice, Judge*. Order entered 3 October 1983 in District Court, NEW HANOVER County. Heard in the Court of Appeals 14 November 1984.

*Yow, Yow, Culbreth & Fox by Lionel L. Yow for plaintiff appellee.*

*Boyan, Nix and Boyan by Clarence C. Boyan for defendant appellant.*

BRASWELL, Judge.

The major questions presented by the only appealing defendant, Steve Davis, are that the trial court erred in denying (1) his

G.S. 1A-1, Rule 60(b)(4) motion to set aside the judgment as void and (2) his motion to dismiss the order of arrest on the grounds that this order for execution against his person was in violation of G.S. 1-311. We hold that the trial court properly denied the Rule 60(b)(4) motion, but because the order of arrest was insufficient under G.S. 1-311 the trial court improperly denied the defendant's motion to dismiss this order. The facts follow.

Piedmont Carolina Trucking through its agent, Ronald Perry, hijacked a shipment of Stroh's Beer that was to be delivered by Marine Transport, Inc. to the plaintiff. Piedmont's president and owner, Steve Davis, revealed that the beer could be ransomed by the plaintiff if Marine Transport or the plaintiff paid a debt owed by Marine Transport to Piedmont. The plaintiff sued Piedmont Carolina Trucking and its agents, and Marine Transport, Inc. for damages it sustained due to the nondelivery of the beer.

The plaintiff was awarded actual damages of $27,471.76 against Marine Transport. The trial court trebled this figure and awarded the plaintiff "treble -damages in the amount of $82,-415.28" against Davis and Perry. The trial court further assessed against Davis and Perry punitive damages in the amount of $100,000, "subject to a credit for the treble damages" previously awarded for "a total punitive damage award of $17,584.72." The plaintiff was also awarded attorney's fees of $4,000 against Davis and Perry. The defendant Steve Davis filed no responsive pleading in this action and did not appeal from this judgment entered on 24 May 1982. We are now concerned with the process of the collection of the judgment.

The plaintiff first attempted to collect the punitive damages and attorney's fees awarded out of the defendant Steve Davis's personal property. When the Sheriff was unable to locate any property upon which to levy, the plaintiff applied for an execution against the person or body arrest of Steve Davis. On 6 September 1983, District Court Judge Charles Rice issued an order of arrest against the defendant "to show cause, if any, why he should not be kept in incarceration for failure to pay punitive damages in the amount of $17,584.74 and attorney's fees in the amount of $4,000.00." Steve Davis was arrested on 14 September 1983 and was released upon the posting of a cash bond in the amount of $21,584.72. On 23 September 1983, the defendant filed a Rule

60(b)(4) motion, seeking to have the 24 May 1982 judgment declared void, and a motion to dismiss the Order of Arrest.

On 3 October 1983 the defendant was ordered to appear before Judge Rice to show cause "why he should not be kept incarcerated for failure to pay punitive damages . . . and attorney's fees." At this hearing, the trial court considered, then denied, the defendant's motions, and ordered the defendant "to be immediately incarcerated . . . until such time as the Defendant pays unto the Plaintiff the sum" of $21,584.72. The defendant appealed in open court. The defendant was released from jail pending resolution of the issues pursuant to a petition to the Court of Appeals for a Writ of Supersedeas.

[1] The first matter for our consideration is the denial of the defendant's G.S. 1A-1, Rule 60(b)(4) motion. The defendant contends that the 24 May 1982 judgment is void because (1) the trial court improperly awarded the plaintiff treble damages against him based on the amount of actual damages assessed against another defendant and (2) the trial court erroneously awarded the plaintiff punitive damages in addition to treble damages against him. However, because the defendant did not appeal from the 24 May 1982 judgment, it is final and we do not reach the underlying questions of whether the defendant's actions constituted a Chapter 75 violation or whether the trebled award or the award of punitive damages was improper. A motion for relief under section (b) of Rule 60 is addressed to the sound discretion of the trial court, so our review on appeal is limited to determining whether the court abused its discretion when it denied the defendant's motion. *Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 532 (1975). *But see Carter v. Carr*, 68 N.C. App. 23, 314 S.E. 2d 281, *disc. rev. allowed*, 311 N.C. 751 (1984).

Is the judgment of 24 May 1982 void? "A judgment may be valid, irregular, erroneous, or void." *Wynne v. Conrad*, 220 N.C. 355, 359, 17 S.E. 2d 514, 518 (1941). An erroneous judgment is one rendered according to the course and practice of the court but contrary to the law or upon a mistaken view of the law. A void judgment has semblance of a valid judgment, but lacks some essential element such as jurisdiction or service of process. *Id.* at 360, 17 S.E. 2d at 518. Thus, a judgment is not void if "the court had jurisdiction over the parties and the subject matter and had

authority to render the judgment entered." *In re Brown*, 23 N.C. App. 109, 110, 208 S.E. 2d 282, 283 (1974).

In the present case, the defendant does not contend that the trial court was without jurisdiction or the authority to enter the 24 May 1982 judgment. His contentions, instead, relate to alleged errors of law committed by the trial court in the judgment. He has therefore confused what constitutes an erroneous judgment with a void one. *See generally Howell v. Tunstall*, 64 N.C. App. 703, 308 S.E. 2d 454 (1983). To have obtained relief from these alleged errors of law, the defendant should have appealed directly from the 24 May 1982 judgment. *Wynne, supra.* However, the defendant did not do so. Even if errors of law could be found in the judgment, the judgment is not void because the trial court had jurisdiction and the authority to enter it. We hold, therefore, that the trial court did not abuse his discretion in denying the defendant's Rule 60(b)(4) motion.

[2]  The second major contention asserted by the defendant is whether the trial court improperly denied his motion to dismiss the order of arrest issued as part of the execution against his person. G.S. 1-311 states in pertinent part:

> If the action is one in which the defendant might have been arrested, an execution against the person of the judgment debtor may be issued to any county within the State, after the return of an execution against his property wholly or partly unsatisfied.

The record clearly reveals that this action was one in which the defendant could have been arrested under the Arrest and Bail statute, G.S. 1-410. Section (1) of G.S. 1-410 provides that the defendant may be arrested

> [i]n an action for the recovery of damages on a cause of action not arising out of contract where the action is for . . . willfully, wantonly, or maliciously injuring, taking, detaining, or converting . . . personal property.

As the facts show, the plaintiff did not have any contractual agreement with this defendant for the delivery of the beer. The defendant willfully took and detained the beer and was sued by the plaintiff for damages. The record also shows that the execu-

tion against the defendant's property was returned unsatisfied. Thus the circumstances of this case are in accordance with the first portion of G.S. 1-311.

This statute further requires that "no execution shall issue against the person of a judgment debtor, unless an order of arrest has been served, as provided in the Article Arrest and Bail, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by law." G.S. 1-311. Here, the complaint does in fact contain a statement of facts showing the G.S. 1-410(1) ground for arrest.

However, G.S. 1-311 also provides that when a jury trial is waived and the court finds the facts, "the court *shall* find facts establishing the right to execution against the person." (Emphasis added.) The court must find that

> the defendant either (i) is about to flee the jurisdiction to avoid paying his creditors, (ii) has concealed or diverted assets in fraud of his creditors, or (iii) will do so unless immediately detained.

*Id.* Neither the 24 May 1982 judgment nor the order of arrest contain any one of the above findings. To us the plaintiff's assertion that the finding in the order of arrest that the defendant sought to have the judgment dismissed in a bankruptcy proceeding satisfies the required findings portion of the statute is not controlling. Procedural due process requires "not only findings with respect to the wrong of the debtor upon his creditor but in addition a finding of probable cause to believe that he has committed or will commit further wrongs in order to cheat his creditors." *Grimes v. Miller*, 429 F. Supp. 1350, 1356 (M.D.N.C. 1977), *aff'd*, 434 U.S. 978, 98 S.Ct. 600, 54 L.Ed. 2d 473 (1977). Without a finding in accordance with G.S. 1-311(i), (ii), or (iii), the order of arrest was insufficient and should not have been issued. We hold that because the order was in violation of the mandate of G.S. 1-311, the court improperly denied the defendant's motion to dismiss the order of arrest. The order is hereby vacated. We consider it important to note that if the necessary circumstances once again arise, upon proper findings a new order of arrest may be issued for an execution against the person of the defendant.

As his final assignment of error, the defendant contends that his second incarceration after the show cause and motion hearing

was not pursuant to a proper civil contempt order. More specifically, the defendant argues that the Temporary Commitment Order for Civil Contempt was insufficient because it lacked a finding that he possessed the means to comply with the 24 May 1982 judgment. Because we have held that the order of arrest was insufficient and that the first incarceration of the defendant pursuant to that order was improper, we must also hold, without considering the actual merits of this assignment, that any further incarceration of the defendant stemming from that order was improper.

The results are: (1) the denial of the defendant's Rule 60(b)(4) motion is affirmed; and (2) the denial of his motion to dismiss the order of arrest is reversed and that order is vacated.

Affirmed in part; reversed in part.

Chief Judge VAUGHN and Judge EAGLES concur.