**ABLE OUTDOOR, INC. v. HARRELSON**

[113 N.C. App. 483 (1994)]

---

ABLE OUTDOOR, INC., PETITIONER-APPELLANT v. THOMAS J. HARRELSON, AS SECRETARY OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA, RESPONDENT-APPELLEE

No. 9310SC48

(Filed 1 February 1994)

1. **Costs § 37 (NCI4th)— attorney fees against State—time for motion**

The trial court erred by vacating an order requiring the State to pay petitioner's attorney fees on the ground that it was entered without authority in that N.C.G.S. § 6-19.1 requires a party seeking attorney fees under that statute to petition within 30 days following final disposition of the case, and petitioner's motion for attorney fees was filed before final disposition. The 30-day period in the statute is a deadline, not a starting point.

**Am Jur 2d, Costs §§ 79 et seq.**

ABLE OUTDOOR, INC. v. HARRELSON

[113 N.C. App. 483 (1994)]

2. **Costs § 37 (NCI4th)— attorney fees against State—execution and order in aid of execution—valid**

The trial court erred by vacating an execution and order in aid of execution where the court had erroneously held that the original judge had not had jurisdiction. Since the original judge had jurisdiction to enter the order awarding attorney fees, there was jurisdiction to enter the execution and order in aid of execution.

Am Jur 2d, Costs §§ 79 et seq.

3. **Judgments § 474 (NCI4th)— attorney fees awarded against State—Rule 60 motion—no showing of extraordinary circumstances**

The trial court erred by granting DOT relief under N.C.G.S. § 1A-1, Rule 60(b)(6) where an earlier judgment had awarded petitioner attorney fees against DOT. There is nothing in the record which indicates that DOT made any showing of extraordinary circumstances, that the interests of justice required relief from the earlier order, or that DOT presented a meritorious defense which justifies the relief.

Am Jur 2d, Judgments §§ 708 et seq.

Appeal by petitioner from order entered 4 December 1992 by Judge Wiley F. Bowen in Wake County Superior Court. Heard in the Court of Appeals 18 November 1993.

*Wilson and Waller, P.A., by Betty S. Waller and Brian E. Upchurch, for the petitioner-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Elizabeth N. Strickland, for the respondent-appellee.*

WYNN, Judge.

This is an appeal from the trial court's order pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) vacating Judge Cashwell's 8 March 1991 order granting petitioner attorney's fees under N.C. Gen. Stat. § 6-19.1 and N.C. Gen. Stat. § 1A-1, Rule 11 and the execution and order in aid of execution issued thereto. We hold that the trial court erred in vacating Judge Cashwell's order and reverse.

On 2 November 1989 the Department of Transportation (DOT) issued an advertising permit to petitioner Able Outdoor, Inc. for a billboard on Interstate 26 in Buncombe County. On 24 April 1990 DOT determined that trees in front of the sign had been cut in violation of 19A NCAC 2E.0210(8) and revoked petitioner's permit. Petitioner appealed to the Secretary of Transportation who upheld the permit revocation. Petitioner then sought judicial review of the Secretary's decision. While this action was pending, DOT reinstated the permit on 7 December 1992.

Petitioner then filed a motion for attorney's fees pursuant to N.C. Gen. Stat. § 6-19.1 and N.C. Gen. Stat. § 1A-1, Rule 11. On 8 March 1991, after an evidentiary hearing, Judge Narley L. Cashwell awarded petitioner attorney's fees in the amount of $8,978.75. DOT appealed this award and in an unpublished opinion this Court dismissed the appeal because the order was interlocutory and there was no indication in the record that a final judgment had been entered.

Petitioner then obtained a voluntary dismissal of its action for judicial review of the permit revocation which both parties concede was a final disposition of the case. On 22 October 1992 the Wake County Clerk of Court issued an execution against DOT seeking enforcement of Judge Cashwell's order for attorney's fees. The execution was returned unsatisfied. On 19 November 1992 Judge Cashwell entered an order in aid of execution requiring DOT to appear in Wake County Superior Court to answer regarding property in its possession which could satisfy the execution.

DOT then filed a motion pursuant to Rule 60(b)(4) and (6) for relief from the order granting attorney's fees, execution, and order in aid of execution. The trial court granted the motion, concluding that Judge Cashwell had no jurisdiction or authority to enter the 8 March 1991 order and there was no jurisdiction or authority to enter the execution and order in aid of execution. The trial court also concluded that execution is not available against the State. From this order, petitioner appeals.

I.

[1] Petitioner first contends that the trial court erred in vacating Judge Cashwell's order on the grounds it was entered without jurisdiction or authority. Petitioner argues Judge Cashwell's order

was properly entered and could not be set aside pursuant to a Rule 60(b) motion. We agree.

Judge Cashwell's order for attorney's fees was entered under N.C. Gen. Stat. § 6-19.1 and § 1A-1, Rule 11. N.C. Gen. Stat. § 6-19.1 reads in pertinent part:

> In any civil action, other than an adjudication for the purpose of establishing or fixing a rate, or a disciplinary action by a licensing board, brought by the State or brought by a party who is contesting State action pursuant to G.S. 150A-43 or any other appropriate provisions of law, unless the prevailing party is the State, the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:
>
> (1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and
>
> (2) The court finds there are no special circumstances that would make the award of attorney's fees unjust.
>
> The party shall petition for attorney's fees within 30 days following final disposition of the case. The petition shall be supported by an affidavit setting forth the basis for the request.

N.C. Gen. Stat. § 6-19.1 (1986).

In *Whiteco Industries, Inc. v. Harrelson*, 111 N.C. App. 815, 434 S.E.2d 229 (1993) and its companion case, *Whiteco Industries, Inc. v. Harrington*, 111 N.C. App. 839, 434 S.E.2d 234 (1993), this Court addressed the 30-day filing period requirement. This Court held that the requirement is a jurisdictional prerequisite to the award of attorney's fees and the 30-day period starts to run after the decision has become final and the time in which to appeal has expired. *Harrelson*, 111 N.C. App. at 818, 434 S.E.2d at 232. The 30-day period, however, does not establish a starting point as well as a deadline. *Id.* In both *Harrelson* and *Harrington*, this Court held that a petitioner's motion for attorney's fees which was filed well before final judgment was timely and the trial court had jurisdiction over the matter. *Harrelson*, 111 N.C. App. at 818, 434 S.E.2d at 232; *Harrington*, 111 N.C. App. at 842, 434 S.E.2d at 236. *Harrelson* noted, however, that judicial economy favors the hearing of a motion for attorney's fees only after the judgment

has become final in order to prevent piecemeal litigation. *Harrelson*, 111 N.C. App. at 818, 434 S.E.2d at 232.

In the instant case, the trial court concluded, *inter alia*, that N.C. Gen. Stat. § 6-19.1 "requires a party seeking attorney's fees under this statute to petition for the attorney's fees within 30 days following final disposition of the case, and petitioner failed to petition for attorney's fees within 30 days following final disposition of the case." The trial court then concluded Judge Cashwell had no jurisdiction or authority to enter his order awarding petitioner attorney's fees. This conclusion is contrary to the holding in both *Whiteco* decisions that the 30-day period is a deadline, not a starting point. Therefore, the trial court erred by concluding Judge Cashwell did not have jurisdiction or authority to enter the order awarding petitioner attorney's fees.

II.

[2] Petitioner next argues that the trial court erred by vacating the execution and order in aid of execution. Petitioner contends that since Judge Cashwell's order awarding attorney's fees is valid the subsequent execution and order in aid of execution are also valid. We agree.

In ruling on DOT's Rule 60(b) motion, the trial court made the following conclusions of law:

5. Judge Cashwell had no jurisdiction or authority to enter the Order granting attorney's fees pursuant to N.C.G.S. § 6-19.1. Because of sovereign immunity, there was no jurisdiction or authority to grant attorney's fees against the State under Rule 11. There are also extraordinary circumstances existing to preclude the award of attorney's fees pursuant to Rule 11 under prevailing caselaw since there was another statutory provision which more specifically addressed the situation in this case, N.C.G.S. § 6-19.1. The record and evidence show that justice demands that attorney's fees not be granted pursuant to Rule 11. There are reasons existing and shown to the Court which justify relief from the operation of the Order granting attorney's fees.

6. Respondent is entitled to relief from the March 8, 1991 Order granting attorney's fees.

7. The Execution and the Order in Aid of Execution were entered because of the March 8, 1991 Order granting attorney's fees, and, because the Order granting attorney's fees was entered without jurisdiction and authority and because there are valid reasons which justify relief from the operation of the March 8, 1991 Order granting attorney's fees, there was no jurisdiction or authority to enter either the Execution and Order in Aid of Execution.

8. Also, because the process of Execution is not available against the State, the Execution and Order in Aid of Execution were entered without jurisdiction or authority.

9. Respondent is entitled to relief from the Execution and the Order in Aid of Execution.

Rule 60(b) provides in pertinent part as follows:

(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.— On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

    (4) The judgment is void;

. . . .

    (6) Any other reason justifying relief from the operation of the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60 (1990).

A judgment can be valid, irregular, erroneous, or void. *Wynne v. Conrad*, 220 N.C. 355, 17 S.E.2d 514 (1941). "An irregular judgment is one entered contrary to the course of the court—contrary to the method of procedure and practice under it allowed by law in some material respect." *Mills v. Richardson*, 240 N.C. 187, 81 S.E.2d 409 (1954). An erroneous judgment is one rendered according to the course and practice of the court but contrary to the law or upon a mistaken view of the law. *Wynne*, 220 N.C. at 360, 17 S.E.2d at 518. A void judgment resembles a valid judgment, but lacks an essential element such as jurisdiction or service of process. *Windham Distributing Co., Inc. v. Davis*, 72 N.C. App. 179, 323 S.E.2d 506 (1984), *disc. rev. denied*, 313 N.C. 613, 330

**ABLE OUTDOOR, INC. v. HARRELSON**

[113 N.C. App. 483 (1994)]

S.E.2d 617 (1985). A judgment is not void if " 'the court had jurisdiction over the parties and the subject matter and had authority to render the judgment entered.' " *Id.* at 181-182, 323 S.E.2d at 508 (quoting *In re Brown*, 23 N.C. App. 109, 110, 208 S.E.2d 282, 283 (1974) ).

Since we have determined Judge Cashwell had jurisdiction to enter the order awarding petitioner attorney's fees, it follows that his order is not void. Once jurisdiction attaches over an action it exists until the cause is fully and completely determined. *Kinross-Wright v. Kinross-Wright*, 248 N.C. 1, 102 S.E.2d 469 (1958). Therefore, there was jurisdiction to enter the execution and order in aid of execution. Thus, the trial court erred in its conclusion to the contrary.

**[3]** Since the orders are valid, the only question that remains is whether the trial court erred in granting relief to DOT under Rule 60(b)(6). Rule 60(b)(6) is equitable in nature and authorizes the trial court to exercise its discretion in granting or denying the relief sought. *Howell v. Howell*, 321 N.C. 87, 361 S.E.2d 585 (1987). The rule empowers the trial court to vacate judgments whenever such action is necessary to accomplish justice. *Norton v. Sawyer*, 30 N.C. App. 420, 227 S.E.2d 148, *disc. rev. denied*, 291 N.C. 176, 229 S.E.2d 689 (1976).

> The setting aside of a judgment pursuant to . . . Rule 60(b)(6) should only take place where (i) extraordinary circumstances exist and (ii) there is a showing that justice demands it. This test is two-pronged, and relief should be forthcoming only where both requisites exist. In addition to these requirements, the movant must also show that he has a meritorious defense.

*Huggins v. Hallmark Enterprises, Inc.*, 84 N.C. App. 15, 24-25, 351 S.E.2d 779, 785 (1987) (citations omitted); *State ex rel. Envtl. Management Comm'n v. House of Raeford Farms*, 101 N.C. App. 433, 400 S.E.2d 107 (1991).

A motion under Rule 60(b)(6), however, cannot be used as a substitute for an appeal, and an erroneous judgment cannot be attacked under this clause. *Concrete Supply Co. v. Ramseur Baptist Church*, 95 N.C. App. 658, 383 S.E.2d 222 (1989). *See J.D. Dawson Co. v. Robertson Marketing, Inc.*, 93 N.C. App. 62, 376 S.E.2d 254 (1989); *Town of Sylva v. Gibson*, 51 N.C. App. 545, 277 S.E.2d 115, *disc. rev. denied*, 303 N.C. 319, 281 S.E.2d 659 (1981). The

proper remedy for an erroneous judgment is either an appeal or a timely motion for relief under N.C. Gen. Stat. § 1A-1, Rule 59(a)(8). *Hagwood v. Odom*, 88 N.C. App. 513, 364 S.E.2d 190 (1988).

In the instant case, there is nothing in the record which indicates that DOT made any showing of extraordinary circumstances or that the interests of justice require relief from Judge Cashwell's order. In addition, there is nothing in the record to indicate DOT presented a meritorious defense which justifies Rule 60(b)(6) relief. A court may, for sufficient cause shown, recall or set aside an execution in response to a motion in the cause. *Abernethy Land & Finance Co. v. First Security Trust Co.*, 213 N.C. 369, 196 S.E. 340 (1938); *Davis v. Federal Land Bank of Columbia*, 217 N.C. 145, 7 S.E.2d 373 (1940). An order should not be vacated under Rule 60(b)(6), however, except in extraordinary circumstances and after a showing that justice demands it. *Vaglio v. Town and Campus Int'l., Inc.*, 71 N.C. App. 250, 322 S.E.2d 3 (1984). Therefore, since DOT made no showing of extraordinary circumstances or that justice requires relief from the execution and order in aid of execution, the trial court erred by granting DOT such relief.

For the foregoing reasons, the order of the trial court is

Reversed.

Judges LEWIS and McCRODDEN concur.