The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for those changes made herein below.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. Plaintiff's average weekly wage is $314.45.
4. Plaintiff is alleging an injury by accident which occurred in late November 1994 resulting in an injury to the shoulder, back and left arm.
5. The defendant-employer has denied liability.
6. The issue to be determined by the Commission is whether plaintiff, in fact, suffered from an injury by accident or a specific traumatic incident.
* * * * * * * * * *
The Full Commission modifies and adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff claims that he experienced pain in his lower back while employed with Davey Tree Company on or about 22 November 1994. Plaintiff testified at the hearing that he was cutting trees near a right-of-way and was pushing trees over when he "felt a little funny." Plaintiff claimed that he called his employer and spoke to Luther Sanderson at Davey Tree. Mr. Sanderson steadfastly denied ever receiving any such phone call from plaintiff on that date or at any other time reporting an alleged injury to his back.
2. On 22 November 1994 plaintiff presented himself to the Emergency Room at Pender Memorial Hospital for treatment. The Emergency Room records show that "this pain had been going on for several months." Also, according to these notes, plaintiff did not complain of any accident and according to the emergency room notes "the injury was not job related."
3. On 1 December 1994 plaintiff saw Dr. C.J.R. Miranda in Burgaw. Dr. Miranda's notes reflect the fact that plaintiff again complained of no injury by accident occurring at work during this initial visit of 1 December 1994.
4. Plaintiff's medical treatment further indicates that on 16 December 1994 he sought treatment at Wilmington Orthopedic Group where he was seen by Dr. Foster. At this office visit, plaintiff complained of left arm problems which had begun approximately six months before, as well as lower back pain which had begun approximately two months prior, or sometime in mid-October 1994. Again, there is no mention of any injury on 22 November 1994. Dr. Foster's notes also indicate that plaintiff gave a "very disjointed history and overall is a poor historian."
5. On 4 January 1995 plaintiff was seen by Dr. John Langley where he first reports an injury at work on 28 November 1994 while lifting tree limbs and throwing them into his truck. According to these notes plaintiff's injury at work occurred while lifting and the pain began gradually. Diagnostic testing by Dr. Langley revealed basically no abnormalities and on 31 March 1995 Dr. Langley released plaintiff with respect to his back with no permanent partial disability rating and indicated that he was perfectly capable of returning to his regular work.
6. On 25 May 1995 plaintiff was seen by Dr. Clarence E. Ballenger at Coastal Neurological Associates. According to Dr. Ballenger's notes plaintiff developed some back pain while using a pole with a blade attached. An MRI performed by Dr. Ballenger revealed a small soft-tissue density at L5 which was not felt to be significant. A bone scan performed on plaintiff's back was normal. The description plaintiff gave Dr. Ballenger on 25 May 1995 with respect to his injury is completely different than the description he gave to other doctors and to the Court during the hearing.
7. In September 1995 plaintiff began treatment with Dr. Khaled F. Jreisat at Coastal Neurological Associates who indicated that plaintiff was suffering from degenerative disk disease with lumbar strain and did not believe that plaintiff was capable of performing physical manual labor. On 3 October 1995 Dr. Jreisat indicated that he did not believe there was anything else that he could do for plaintiff and in his opinion plaintiff retained a five percent (5%) permanent partial disability to the lumbar spine and had reached maximum medical improvement.
8. Mr. Luther Sanderson, a supervisor at Davey Tree, indicated that plaintiff had complained in the past about problems with tendonitis in his arm. Sometime on or about the 29th or 30th of November 1994 Mr. Sanderson received a phone call from a doctor in Burgaw with respect to an injury to plaintiff. Mr. Sanderson then called plaintiff at home to discuss the matter with plaintiff who denied that he had been hurt on the job.
9. Since plaintiff's version differs from the version set forth in the medical records and in view of other inconsistencies in the evidence, the undersigned give more weight to the medical records and other evidence that no injury on the job occurred. Therefore, plaintiff did not suffer an injury by accident as alleged.
* * * * * * * * * * *
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
In a proceeding under the Workers' Compensation Act, plaintiff has the burden of proving that his claim is compensable under the Act. Henry v. A.C. Lawrence Leather Co., 231 N.C. 477,57 S.E.2d 760 (1950). Requiring a claimant to prove causation is a limitation which protects the Workers' Compensation Act from being converted into a General Health and Insurance Benefit Act.Moore v. J.P. Stevens and Co., Inc., 47 N.C. App. 744,269 S.E.2d 159, 162 (1980). The burden of proving each and every element of compensability is upon the claimant. Harvey v. Raleigh PoliceDepartment, 96 N.C. App. 28, 384 S.E.2d 549, cert. denied,326 N.C. 706, 308 S.E.2d 454 (1989). In this case at hand, plaintiff must convince the Court by a preponderance of the evidence that he sustained a specific traumatic incident to his lower back and that this incident occurred while he was working. Plaintiff has completely failed to do so in this case and has failed to meet his burden of proof in all aspects of his claim. Since plaintiff failed to carry his burden of proof, he cannot prevail.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ________________ WILLIAM L. HAIGH DEPUTY COMMISSIONER
CONCURRING:
S/ ______________ DIANNE C. SELLERS COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER