CHRISTOPHER P. STARK, Plaintiff,
v.
JANAKI RATASHARA-STARK, Defendant.
No. COA07-665
Court of Appeals of North Carolina
Filed January 15, 2008
This case not for publication
Christopher Paul Stark, pro se, plaintiff-appellant.
No brief filed by defendant-appellee.
BRYANT, Judge.
Christopher P. Stark (plaintiff) appeals from the denial of his 8 January 2007 Rule 60 motion for relief. Plaintiff seeks relief from the 22 December 2003 Judgment of Distribution of Marital Property with his ex-wife, Janaki Ratashara-Stark (defendant). For the reasons stated herein, we affirm.
On 27 November 2002, plaintiff filed his complaint seeking an absolute divorce and specifically, "equitable distribution of marital property, of real estate and debt[.]" On 2 October 2003, defendant filed an answer containing a request for alimony and stating that an equitable distribution would not be equitable. On 18 February 2003 the trial court entered an order granting the parties an absolute divorce. On 22 December 2003, the trial courtentered a Judgment of Distribution of Marital Property. On 20 December 2004, the trial court entered an order awarding alimony to defendant. On 16 February 2005, the trial court denied plaintiff's amended motion for new trial. Plaintiff appealed to this Court from the 17 December 2004 order awarding alimony and the 16 February 2005 order denying plaintiff's motion for a new trial. On appeal, this Court determined that because plaintiff's ex-wife (defendant) failed to file a separate counterclaim in an action for alimony, the trial court was divested of jurisdiction as to that claim and vacated the trial court's order specifically as to the alimony award. See Stark v. Ratashara, 177 N.C. App. 449, 628 S.E.2d 471, review denied, 360 N.C. 536, 633 S.E.2d 826 (2006). As a result of its holding, this Court declined to review the denial of plaintiff's motion for a new trial. Id.
On 2 August 2006, plaintiff filed a Rule 60(b)(4) motion seeking relief from the 22 December 2003 Judgment of Distribution of Marital Property. On 8 January 2007, the trial court denied plaintiff's Rule 60 motion. From that order, plaintiff appeals.

_________________________
On appeal, plaintiff argues the trial court erred by denying his Rule 60(b) motion. We disagree.
North Carolina General Statutes, Section 50-11(e) states: "An absolute divorce obtained within this State shall destroy the right of a spouse to equitable distribution under G.S. 50-20 unless the right is asserted prior to judgment of absolute divorce." N.C. Gen. Stat. § 50-11 (2005) (emphasis added). The standard of reviewof a trial court's denial of a Rule 60(b) motion is abuse of discretion. Davis v. Davis, 360 N.C. 518, 524, 631 S.E.2d 114, 118 (2006). Relief from a judgment is proper if the movant can show:
(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.  On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding [if]: . . .(4) The judgment is void[.]
N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (2005). "'A judgment is void only when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered.'" Britt v. Britt, 168 N.C. App. 198, 203, 606 S.E.2d 910, 913 (2005) (quoting Burton v. Blanton, 107 N.C. App. 615, 616, 421 S.E.2d 381, 382 (1992)); See Windham Distributing Co. v. Davis, 72 N.C. App. 179, 323 S.E.2d 506 (1984), cert. denied, 313 N.C. 613, 330 S.E.2d 617 (1985) (A judgment is not void if the court had jurisdiction over the parties and the subject matter and had authority to render the judgment entered.).
Plaintiff argues that the Judgment of Distribution of Marital Property was not valid, that the trial court's equitable distribution judgment was void, and claims he is therefore entitled to relief under Rule 60(b)(4). In his brief, plaintiff states he never "specifically applied for the claim of equitable distribution" and that his "complaint for divorce does not contain the [equitable distribution] claim." However, in plaintiff's absolute divorce complaint, plaintiff requests "[t]hat an equitable distribution of marital property, of real estate and debt, be granted[.]" From the record, we determine plaintiff's equitable distribution action was properly preserved for the trial court to rule upon. See N.C. Gen. Stat. § 50-11(e). In its order denying plaintiff's Rule 60 motion, the trial court made the following pertinent findings:
1. The plaintiff filed an action asking for an absolute divorce and equitable distribution on November 27, 2002.
. . .
3. A judgment of absolute divorce was entered February 13, 2003, and the judgment reserved the issue of equitable distribution.
4. Thereafter, the parties proceeded to trial on the question of equitable distribution.
5. By filing a claim for equitable distribution, the plaintiff submitted himself to the personal jurisdiction of the court.
6. The court had subject matter jurisdiction of the equitable distribution claim and in the divorce judgment, the court retained jurisdiction [to] hear the equitable distribution claim after the absolute divorce.
Because plaintiff's 27 November 2002 complaint in the action for absolute divorce clearly preserves the equitable distribution claim prior to the 13 February 2003 entry of judgment of absolute divorce, the trial court had jurisdiction to hear plaintiff's claim for equitable distribution. We find the trial court has not abused its discretion in denying plaintiff's Rule 60(b) motion. Accordingly, plaintiff is not entitled to relief from judgment under Rule 60(b)(4). This argument is overruled. Affirmed.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).