YVONNE EVERITTE BRITT (NOW SHANKS), Plaintiff v. THOMAS M. BRITT, Defendant

No. COA04-381

(Filed 18 January 2005)

**1. Divorce— equitable distribution—sixteen-month delay between hearing and order**

The trial court did not err by entering an equitable distribution order sixteen months after the equitable distribution hearing, because: (1) the Court of Appeals has declined to reverse late-entered equitable distribution orders where the facts have revealed that the complaining party was not prejudiced by the delay; (2) the instant case does not present a situation in which changes in the value of marital or divisible property between the hearing and entry of the equitable distribution order counsel in favor of additional consideration by the trial court when plaintiff concedes that the marital home was the most significant item of property distributed, it was sold prior to the equitable distribu-

BRITT v. BRITT

[168 N.C. App. 198 (2005)]

tion hearing, and the value of the marital home will not change for the purposes of equitably distributing the parties' marital property; and (3) plaintiff failed to identify any potential change in circumstances that would have an impact upon the equitable distribution order.

## 2. Divorce— equitable distribution—motion to set aside— motion for new trial

The trial court did not err by denying plaintiff wife's motions to set aside the equitable distribution order under N.C.G.S. § 1A-1, Rule 60(b)(4) and to grant a new trial, because: (1) no jurisdictional challenge has ever been raised; and (2) plaintiff does not assert that the district court was without authority to enter the equitable distribution order.

## 3. Divorce— equitable distribution—unequal division

The trial court did not abuse its discretion in an equitable distribution case by granting an unequal division of the parties' marital property in favor of defendant husband because although plaintiff presented evidence that may have permitted contrary findings, the trial court's findings are supported by competent evidence and are, in turn, sufficient to support the trial court's conclusion.

Appeal by plaintiff from judgment entered 25 June 2003 by Judge Nancy C. Phillips in Brunswick County District Court. Heard in the Court of Appeals 3 November 2004.

*Hosford & Hosford, P.L.L.C., by Sofie W. Hosford, for plaintiff.*

*The Del Re' Law Firm, by Benedict J. Del Re', Jr. for defendant.*

LEVINSON, Judge.

Plaintiff Yvonne Britt (now Shanks) appeals from an equitable distribution order granting an unequal division of the parties' marital property to defendant Thomas Britt and from the denial of her motion seeking relief from the equitable distribution order and a new trial. We affirm.

The parties married on 8 November 1997, separated on 15 March 1999, and were divorced by judgment entered 24 May 2000. An equitable distribution hearing was held on 19 February 2002. The evidence at the hearing tended to show the following: Prior to the mar-

riage of the parties, Mr. Britt purchased two adjacent lots in the Salt Marsh Cove Subdivision for $30,000. During the marriage of the parties, Mr. Britt conveyed this property to himself and Mrs. Shanks. The parties subsequently purchased a mobile home for approximately $65,000 which they placed on the property. In addition, the parties purchased a garage for $6,261, and paid $32,066.57 for a carport, porch, concrete wall, permits and landscaping of the property. The sum of the expenditures for the property, the home, and related improvements was approximately $134,000.

In 1999, Mr. Britt made an early withdrawal from his IRA account in the amount of $64,000. He used approximately eighty percent of this money to satisfy marital debt incurred in purchasing the mobile home. The withdrawal was subject to an early withdrawal penalty and taxation. In December 2000, Mrs. Shanks conveyed the Salt Marsh Cove Lots and the mobile home to a third party in consideration for $110,000 by a private sale exclusive of a real estate broker or advertisement.

The marital residence was the most substantial item of marital property. Mrs. Shanks testified that the fair market value of the marital residence was between $94,000 and $98,000 and its tax value as of the date of separation was $101,700. Mr. Britt contended, and the trial court found, that the fair market value of the marital residence, including improvements, was $130,000 as of the date of separation. The trial court also determined that the marital estate included a Dodge truck, a Mitsubishi 3000 GT automobile, and miscellaneous items valued at $1000.

As of the date of the hearing, Mrs. Shanks was fifty-one years old and was earning $4,300 per month as the Director of Human Services for the City of Sanford. Mr. Britt was sixty-six years old and retired. He testified that he had hypertension and also required knee replacement surgery. Mr. Britt further testified that he was unable to work due to his knee problems but that he received a Social Security check in the amount of $1032.00 per month.

On 25 June 2003, approximately sixteen months after the equitable distribution hearing, the trial court entered its equitable distribution order. The court determined that an equal distribution of the property would not be equitable and awarded Mr. Britt a fifty-five percent share of the parties' marital property. Mrs. Shanks was ordered to pay Mr. Britt a distributive award of $39,750, in three equal annual installments, to effect the distribution.

**BRITT v. BRITT**

[168 N.C. App. 198 (2005)]

On 7 July 2003, Mrs. Shanks filed a motion alleging, *inter alia*, that the entry of the equitable distribution order sixteen months after the equitable distribution hearing entitled her to have the order set aside and a new trial conducted pursuant to N.C.G.S. §§ 1A-1, Rules 59(a)(9) and 60(b)(4). Mrs. Shanks did not make any argument to the trial court that either the value of the marital property or the parties' respective conditions had changed. The trial court denied Mrs. Shanks' motion.

Mrs. Shanks now appeals, contending that the trial court erred by (1) entering the equitable distribution order sixteen months after the equitable distribution hearing, (2) denying her motion to set aside the late-entered order and grant a new trial, and (3) awarding Mr. Britt an unequal distribution of the marital estate where such an award is contrary to the evidence presented and unsupported by sufficient findings of fact. For the reasons that follow, the trial court's equitable distribution order and the order denying Mrs. Shanks' motion to set aside the equitable distribution judgment and for a new trial are affirmed.

---

[1] We first address Mrs. Shanks' argument that the trial court erred by entering the equitable distribution order sixteen months after the equitable distribution hearing. According to Mrs. Shanks, entry of the order after the long delay violated this Court's decision in *Wall v. Wall*, 140 N.C. App. 303, 313-14, 536 S.E.2d 647, 654 (2000). We are not persuaded.

In *Wall*, this Court held that, on the facts of that case, a nineteen-month delay between the date of trial and the date of disposition constituted more than "a *de minimis* delay, and require[d] that the trial court enter a new distribution order on remand." *Id.* at 314, 536 S.E.2d at 654. Given the nature of the property involved in the case and the extensive delay, this Court required "the trial court [to] allow the parties to offer additional evidence as to any substantial changes in their respective conditions or post-trial changes, if any, in the value of items of marital property." *Id.* Specifically, on remand, the trial court was to

reconsider the evidence of the increase in value of the husband's profit-sharing plan following separation, treating such increase as a distributional factor, ... reconsider the evidence offered by the husband on the state of his health, make appropriate findings about the evidence, and give it appropriate weight in making a

BRITT v. BRITT

[168 N.C. App. 198 (2005)]

new distribution decision[, and] give the parties an opportunity to offer evidence on the changes, if any, in value of the marital property since the trial. . . .

*Id.* The remainder of the equitable distribution order was affirmed. *Id.*

We observe that *Wall* establishes a case-by-case inquiry as opposed to a bright line rule for determining whether the length of a delay is prejudicial. *See id.*; SUZANNE REYNOLDS, 3 LEE'S NORTH CAROLINA FAMILY LAW § 12.114 (5th ed. rev. 2002). Indeed, since *Wall*, this Court has declined to reverse late-entered equitable distribution orders where the facts have revealed that the complaining party was not prejudiced by the delay. *See, e.g., White v. Davis*, 163 N.C. App. 21, 26, 592 S.E.2d 265, 269 (holding that delay of seven months between hearing and entry of equitable distribution order was not prejudicial), *disc. review denied*, 358 N.C. 739, 603 S.E.2d 127 (2004).

In the present case, the challenged equitable distribution order was entered sixteen months after the hearing. Though Mrs. Shanks contends that this Court's decision in *Wall* requires a reversal of the untimely order, she has made no argument that the circumstances that counseled in favor of reversing the order in *Wall* are present in the case *sub judice*.

In *Wall*, potential changes in the value of marital or divisible property between the hearing and entry of the equitable distribution order warranted additional consideration by the trial court. By contrast, in the instant case Mrs. Shanks concedes that the marital home was the most significant item of property distributed and that it was sold prior to the equitable distribution hearing. She further admits that the value of the marital home will not change for the purposes of equitably distributing the parties' marital property. Thus, the instant case does not present a situation in which changes in the value of marital or divisible property between the hearing and entry of the equitable distribution order counsel in favor of additional consideration by the trial court.

Likewise, in *Wall*, potential changes in the relative circumstances of the parties warranted additional consideration by the trial court. In the instant case, Mrs. Shanks baldly asserts that the trial court's late-entered order "ignored . . . the impact of a change in the parties' respective conditions after the trial," but she has identified no potential change in circumstances that would have an impact upon the

equitable distribution order. Indeed, Mrs. Shanks neither identified any change in the parties' respective conditions in her written motion for a new trial, nor asserted that any had occurred during the motions hearing before the trial court.

It is Mrs. Shanks' central position that the **delayed entry** of the equitable distribution order, **standing alone**, entitles her to a new hearing as a matter of law. We do not agree that *Wall* establishes such a proposition. Moreover, we are unpersuaded that, given the circumstances of the instant case, Mrs. Shanks was prejudiced by entry of the equitable distribution order sixteen months after the equitable distribution hearing. This assignment of error is overruled.

---

**[2]** We next address Mrs. Shanks' argument that the trial court erred by denying her motion to set aside the equitable distribution judgment and grant a new trial. Though her brief lacks clarity with respect to this argument, Mrs. Shanks apparently intends to argue that this Court's decision in *Wall* entitles her to a new trial pursuant to N.C.G.S. §§ 1A-1, Rules 59(a)(9) and/or 60(b)(4). We do not agree.

N.C.G.S. § 1A-1, Rule 59(a)(9) (2003) is a catch-all provision which permits a trial court to grant a new trial for any reason not specifically enumerated in Rule 59 "heretofore recognized as grounds for new trial." A ruling under Rule 59(a)(9) is consigned to the discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *Beneficial Mortgage Co. v. Peterson*, 163 N.C. App. 73, 84, 592 S.E.2d 724, 731 (2004). In the instant case, we discern no abuse of discretion in the trial court's refusal to grant a new trial pursuant to Rule 59(a)(9).

N.C.G.S. § 1A-1, Rule 60(b)(4) (2003) provides that "[o]n motion and upon such terms as are just, [a trial] court may relieve a party . . . from a final judgment . . . [if] [t]he judgment is void." A Rule 60(b)(4) motion is "only proper where a judgment is 'void' as that term is defined by the law." *Burton v. Blanton*, 107 N.C. App. 615, 616, 421 S.E.2d 381, 382 (1992). "A judgment is void only when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered." *Id.*

In the instant case, we conclude that the trial court properly denied Mrs. Shanks' motion to set aside the equitable distribution judgment pursuant to Rule 60(b)(4). As already indicated, the trial court did not commit reversible error in entering the order. Further, no jurisdictional challenge has ever been raised, and Mrs. Shanks

does not assert that the district court was without authority to enter the equitable distribution order. As such, the record is bereft of any indication that the late-entered order is void. This assignment of error is overruled.

---

**[3]** We next address Mrs. Shanks' argument that the trial court erred by awarding Mr. Britt an unequal distribution of the marital estate. Mrs. Shanks does not argue that the trial court failed to consider one or more of the distributional factors required by G.S. § 50-20(c). Rather, she generally contends that the unequal distribution is unsupported by sufficient findings of fact and is contrary to the evidence presented. We do not agree.

"The distribution of marital property is vested in the discretion of the trial court[] and the exercise of that discretion will not be upset absent clear abuse." *Beightol v. Beightol*, 90 N.C. App. 58, 60, 367 S.E.2d 347, 348 (1988) (citation omitted). "In order to reverse the trial court's decision for [an] abuse of discretion, we must find that the decision was unsupported by reason and could not have been the result of a competent inquiry." *Id.* (citation omitted). "Accordingly, the [trial court's] findings of fact are conclusive if they are supported by any competent evidence [in] the record." *Id.*

Pursuant to N.C.G.S. § 50-20(c) (2003), "[t]here shall be an equal division . . . of marital . . . and . . . divisible property . . . unless the court determines that an equal division is not equitable. If the court determines that an equal division is not equitable, the court shall divide the marital property and divisible property equitably." When making an unequal distribution, the trial court must consider the factors enumerated in G.S. § 50-20(c) and must make findings which indicate that it has done so. *See Collins v. Collins*, 125 N.C. App. 113, 117, 479 S.E.2d 240, 242 (1997). It is not necessary that the findings recite in detail the evidence considered but they must include the ultimate facts considered by the trial court. *Armstrong v. Armstrong*, 322 N.C. 396, 405-06, 368 S.E.2d 595, 600 (1988).

In the instant case, the trial court made numerous findings concerning the distributional factors upon which the parties presented evidence including, *inter alia*, the following:

68. In evaluating the statutory distributional factors as presented by the parties, the court has considered the following:

**BRITT v. BRITT**

[168 N.C. App. 198 (2005)]

A. The income of the parties. The husband [receives] Social Security, is retired and unable to work, having income of $1032 per month and additional income of [$]1500 per year from farm rental. The wife earns in excess of $4300 per month from her employment as Director of Human Services.

B. [Mrs. Shanks] and [Mr. Britt] both sold their prior residences to form the marital residence herein which was retained by [Mrs. Shanks] and sold by her to purchase her new residence in Lee County of which she has $55,000 in equity. The husband does not have a separate residence.

C. [Mr. Britt] paid a debt of the marital residence after the date of separation in the amount of $46,814 and incurred a net penalty of $11,740, but saved the marital estate interest. This was a tax consequence pursuant to Factor 11 to [Mr. Britt]. The penalty should be considered as a factor in the distributive award and not as a marital expense.

D. [Mr. Britt] maintained the marital property after the date of separation, whereas [Mrs. Shanks] sold the marital residence while this action was pending for $110,000 when the parties' investment in said property was substantially higher.

E. The total duration of the marriage was only 16 months.

Having carefully reviewed the record, we conclude that, although Mrs. Shanks presented evidence that may have permitted contrary findings, the trial court's findings are supported by competent evidence and they are, in turn, sufficient to support the trial court's conclusion that an unequal distribution in Mr. Britt's favor was equitable. Accordingly, we discern no abuse of discretion in the trial court's distribution of property in the instant case. The corresponding assignments of error are overruled.

Affirmed.

Judges HUNTER and CALABRIA concur.